## City of Harrisburg *versus* Sheck.

| 104 | 53 |
| 109 | 577 |

1. A general statute will not effect the repeal by implication of a prior local statute relating in part to the same subject matter, although the later Act contains different provisions from the earlier, if the two can be reasonably so construed as to stand together.

2. A special local Act of 1860, incorporating the city of Harrisburg, authorized said city to straighten Paxton Creek within the limits of said city, and of Swatara township; it also provided for proceedings in the Quarter Sessions to assess damages therefor, which damages were to be paid by the county of Dauphin. Subsequently, in 1874, the General Municipal Corporation Act was passed, which the city of Harrisburg accepted, authorizing cities to alter the channels of water-courses, &c., and providing for proceedings in the Common Pleas to assess damages therefor, such damages to be paid by the city :

*Held,* that the latter Act did not repeal the former, as to work done in the straightening of said Paxton creek, and as to proceedings and liability for damages caused thereby.

May 30th 1883.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county:* Of May Term 1883, No. 29.

This was a writ of error to the judgment of the court in a feigned issue, directed upon an appeal and exceptions by the city of Harrisburg to a report of viewers, appointed by the Court of Common Pleas of Dauphin county, upon the petition of John M. Sheck, awarding damages against said city of Harrisburg for straightening Paxton Creek through the petitioner's lands.

The record of said proceedings showed the facts to be as follows :

The city of Harrisburg was incorporated by the Act of March 19th 1860 (P. L. 175), the parts material to this case are as follows :

" § 42.    That the corporation of the city of Harrisburg are hereby authorized to straighten Paxton Creek, wherever the same may be necessary, within the boundary lines of the said city and Swatara Township, and also to change the bed of the said stream wherever it may become necessary to accomplish the desired object of removing all obstructions in said creek, so that no stagnant water will remain in the said creek or its immediate vicinity.

" § 43.    That all persons who may feel themselves aggrieved or in any way damaged by the straightening or changing of the bed of Paxton Creek, shall or may apply to the court of *Quarter Sessions* of the county of Dauphin, and have their damages valued and assessed, as is provided for in the

previous sections of this Act, relating to the opening, grading, and curbing of streets, lanes and alleys within the said city, and the damages, if any, to be paid by the *county of Dauphin.*"

Section 35 provided for the manner of assessment of damages.

Section 44 directed the council to carry into effect the provisions of the Act.

The city expended more than ten thousand dollars in the work of improving and straightening said Paxton Creek, the county paid the damages to property owners. When this Act was passed Paxton Creek was a sluggish stream at the east of the city, emptying into the river in Swatara township, below the city line. The work through the plaintiff's land was done in 1879.

On August 25th 1874, the city of Harrisburg accepted the provisions of the Act of May 23d 1874 (P. L. 230), which provided for "the incorporation and government of cities."

Clause 20, § 20, of said Act provides that "Councils shall have power to establish, alter and change the channels of watercourses," etc., etc.

Sections 53, 54 and 55 provide the manner in which streams, springs, &c., are to be taken possession of by the city and how damages are to be assessed against such *city*. It authorizes proceedings to be taken in the *Common Pleas.*

On April 25th 1882, the plaintiff filed in the Common Pleas his petition, praying for viewers to assess damages in his favor against the city of Harrisburg.

The city filed an answer denying the jurisdiction of the Common Pleas, and its liability to respond in damages.

The court overruled the objections set forth in the answer of the city, and appointed viewers; to which action of the court the city excepted. The viewers filed their report awarding damages to the petitioner, to which the city filed an appeal and exceptions, inter alia:

"Sixth. The jury has no jurisdiction to award damages against the city of Harrisburg, because the court had none. If any damages were due or allowable to the petitioner, they were not payable by the city of Harrisburg, but by the county of Dauphin."

After argument on the exceptions, the court, McPherson, J., overruled them, saying in an opinion:

"The sixth exception raises the question of the city's liability to pay any portion of this award, or of any other for the injury caused; and if this objection is sound the report must be set aside. We have given the subject much consideration, but without being able to adopt the view contended for so ably

by the city. In our opinion the provision of § 43 in the charter of 1860, that the damages caused by the straightening of this creek should be paid by the county, was repealed by the Municipal Corporation Act of 1874, which the city adopted in August of that year. We are aware of the legal rules, that a repeal by implication is not favored, and that repugnancy between two Acts must be reconciled if possible, but we do not see how the provisions of these statutes with regard to the liability for this damage, can stand together. The Act of 1860 says the county shall pay, the Act of 1874 says the city shall pay; without more, how can such provisions be reconciled? Even if we thought that the effect of the Act of 1874 was to make the city also liable, without releasing the county, we could not sustain this objection, for if both were liable the complainant could proceed against either, and has elected to pursue the city. But we do not think that both are liable ; it would be straining construction very far to so hold, in the face of numerous indications in the Act of 1874, that thenceforth cities were themselves to bear the burden of improvements which immediately and directly concerned their welfare. The tendency of recent legislation and decision upon this subject is all in one direction, viz.: to require the municipality or property directly benefited to pay for the injury done in producing the benefit, and the Act of 1874 is framed in accordance with this principle. The liability of the city rests upon clause 20 of § 20, § 53 and § 54 of the Act, to which we need not refer in detail.

" We hold that the city is alone responsible for the damages suffered by Mr. Sheck, and must, therefore, disallow this exception."

Afterwards a feigned issue was directed by the court, upon the defendant's appeal ; when it was called for trial, counsel agreed " that a verdict may be taken for plaintiff for $500 as damages, reserving the questions of law raised by the sixth exception filed by the defendant to the report of viewers (supra), to wit:

"First. Whether the Court of Common Pleas has jurisdiction, and

"Second. Whether the damages are payable by the city of Harrisburg or the county of Dauphin.

" The court to enter judgment hereon as its opinion may be on said questions. Either party to have the right to have the case reviewed in the Supreme Court."

The court entered judgment on the reserved questions in favor of the plaintiff for $500. The defendant thereupon took this writ of error, assigning for error, (1) That the court erred in taking jurisdiction of Sheck's petition, and appointing viewers

thereon ; (2) In overruling the city's sixth exception to the report of viewers, as in the above quoted opinion set forth ; and (3) In entering judgment on the verdict in the feigned issue for the plaintiff, on the questions reserved.

*Francis Jordan* (*Thos. S. Hargest*), for the plaintiff in error.

*Weiss* (with him *Gilbert* and *John A. Herman*), for the defendant in error.

Mr. Justice GREEN delivered the opinion of the court, October 1st 1883.

The learned judge of the court below held that the Act of 1860 was repealed by implication by the Act of 1874, and upon that ground directed judgment to be entered in favor of the plaintiff. In this we are constrained to think there was error. The argument is that the two Acts cannot stand together, and their essential inconsistency abrogates the former. Had the earlier Act been of a general character, imposing liability for damages for improvements, covering the one in question, and providing the method of their ascertainment, there would have been great force in the suggestions of the court below. But we think an examination of the Act of 1860 shows that it was legislation of a local and special character, conferring a peculiar privilege, and imposing a particular obligation, not embraced within either the letter or the spirit of the general law of 1874, and hence not taken away by it, there being no words of express repeal. The Act of 1860 is a local law incorporating the city of Harrisburg (P. L. 1860, p. 175). The 42d section authorizes the city to straighten Paxton Creek wherever the same may be necessary within the boundary lines of the city and Swatara township, to change the bed of the stream and remove all obstructions, so that no stagnant water will remain in the. creek. The 43d section gives a remedy for damages suffered by any person in the straightening or changing the bed of the creek, by application to the court of Quarter Sessions of the county of Dauphin, and directs that the county shall pay the damages.

The creek being partly in the township of Swatara and partly in the city of Harrisburg, it is obvious that the privilege and the power to enter within the limits of the township, for the purpose of straightening the creek, are special and peculiar, not within the general powers of the city, and existing only by force of this Act. The obligation of the county to pay any damages occasioned by the work done in straightening the creek, whether in the city or township, is also of a special and

particular character, not arising by any general law, or any law but this.   The right of the city to do this work, and the duty of the county to pay the damages incurred, were certainly a continuing right and duty until the passage of the general law of 1874 in relation to the classification of cities.   It is true that this general law gives to councils the power to establish, alter, and change the channels of water-courses, and to wall them and cover them over, but the limits within which this power must be exercised are the territorial limits of the city. No power is conferred by the Act of 1874 to go outside the city limits and do such or any similar work within any adjacent territory.   And so also as to compensation for damages, the 53d section of the general law of 1874 gives a remedy against the city by application to the Court of Common Pleas, "in all cases in which, under the provisions of this Act," any public work is done.   But, of course, this remedy would not be co-extensive with the remedy afforded by the Act of 1860, since it is limited to cases arising under the provisions of the Act which confers it.   Under the former Act the obligation to pay the damages is imposed upon the county, which is a different and more extended municipal organization.   The Act of 1874 gives no equivalent for this.   Before and up to the time of the passage of the Act, although the city did the work, the county was obliged to pay.   Under the Act the city cannot do the work outside its own limits, and the county is not obliged to pay for anything.   Certainly the latter Act does not supply the former.   How, then, can it operate as a repeal by implication ? Such repeals are not favored, and are not allowed except in cases of strong repugnancy or irreconcilable inconsistency : Brown *v.* Commissioners, 9 Har. 37 ; Erie *v.* Bootz, 22 P. F. S. 196 ; Wright *v.* Vickers, 31 P. F. S. 122 ; In re Barber's Election, 5 Nor. 392.   In Wright *v.* Vickers, WOODWARD, J., said : " To repeal a statute by implication there must be such a positive repugnancy between the provisions of the new law and the old that they cannot stand together or be consistently reconciled."   And in Brown *v.* Commissioners, we held, that a general statute, without negative words, will not repeal a previous statute which is particular, though the provisions in the two be different.   In the present case we perceive no conflict between the Acts in question which renders them inconsistent or irreconcilable.   Their provisions are different, but they provide for subjects which are not the same.   For this reason they may both stand and be executed together.   If the work done in a particular case be a part of the process of straightening Paxton Creek or changing its bed, the special and local Act of 1860 applies, and must be followed, because it was passed for that very purpose.   The Act of 1874 neither sup-

plies its place nor makes any corresponding provision. The two Acts may be executed, each within its appropriate sphere, without any repugnancy whatever, and hence there can be no repeal by implication. In Sifred *v.* Commonwealth, 5 Out. 200, Mr. Justice TRUNKEY said: "It is against reason to suppose that the legislature, in framing a general system for the state, intended to repeal a special Act which the local circumstances of one county had made necessary." Entertaining these views, we are of opinion that the learned court below was in error in entering judgment for the plaintiff on the verdict, and the same must now be reversed.

> Judgment reversed, and judgment is now entered for the defendant in the court below on the questions reserved, non obstante veredicto, with costs of suit.