## Luzerne Water Company, Appellant, v. Toby Creek Water Co.

*Statute—Implied repeal—Acts of April* 29, 1874, *and June* 2, 1887.

The act of June 2, 1887, repeals by implication the exclusive privileges given to water companies by the act of April 29, 1874.

*Constitutional law—Subject of act clearly expressed in its title—Constitution, art. III,* § 3—*Act of June* 2, 1887.

Such implied repeal is "clearly expressed" in the title of the act of June 2, 1887.

Argued April 11, 1892.  Appeal, No. 6, Jan. T., 1892, by defendant, from decree of C. P. Luzerne Co., May T., 1891, No. 4, sustaining demurrer to and dismissing bill in equity filed by plaintiff.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity for an injunction.

The facts appear by the following opinion of the court below by RICE, P. J.:

" The plaintiff company was chartered on July 6, 1889, under the corporation act of April 29, 1874, P. L. 73–93, and its supplements, for the purpose of supplying water to the public in and adjacent to the borough of Luzerne.  Pursuant to its charter it has laid pipes, constructed works, and is now maintaining the same, for the purposes for which it was incorporated, and claims that, by virtue of its charter, it has the exclusive right so to do.  It is alleged that the defendant company, a corporation chartered on Dec. 23, 1890, threatens, and is proceeding to lay water pipes in said borough for the purpose of supplying water to the public, in violation of the plaintiff's vested and exclusive right.  The prayer of the bill is for an injunction.

" Clause 3, § 34 (water and gas companies), of the act of 1874, provides as follows: ' The right to have and enjoy the franchises and privileges of such incorporation within the district or locality covered by its charter shall be an exclusive one; and no other company shall be incorporated for that purpose until the said corporation shall have from its earnings realized and divided among its stockholders during five years a dividend equal to eight per centum per annum upon its capital stock; provided said corporation shall at all times furnish pure gas and water,' etc.

" By § 3 of the act of June 2, 1887, P. L. 310, the foregoing clause was amended so as to read as follows: ' The right to have and enjoy the franchises and privileges of such corporations for the manufacture of gas, for light only, shall be an exclusive one within the district or locality covered by its charter; and no other company shall be incorporated for the manufacture of gas to supply light only to the public until said corporation shall have from its earnings realized and divided among

its stockholders during five years a dividend equal to eight per centum per annum upon its capital stock; provided said corporation shall at all times furnish pure gas and water,' etc.

"A comparison makes it evident that the omission of water companies from the grant of exclusive privileges in the amending act was intentional and not accidental. 'An amendment of a statute, declaring that it shall read in a particular way, repeals all provisions not retained in the altered form :' Bish. Wr. Law, § 152 *a*; Reid v. Smoulter, 128 Pa. 324 ; 5 Kulp, 363.

"Therefore, the only question is, whether the repealing or amending act, in so far as it takes from water companies the exclusive right, is constitutional.

"As both the plaintiff and defendant company were chartered after the passage of the act of 1887, we fail to see that either has any superior equity—if so it may be called—growing out of the expenditure of money on the faith of the provisions of the act of 1874, to embarrass the consideration of this question. The granting of a new charter to a new corporation may sometimes render valueless the franchises of an existing corporation; but unless the state, by contract, has precluded itself from such new grant, the incidental injury can constitute no obstacle : Lehigh Water Co.'s Ap., 102 Pa. 528, and cases cited.

"It is contended that the act of 1887, excepting the provisions relating to fuel companies, violates § 3, art. III, of the constitution which declares : 'No bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title.' The act of 1887 is entitled 'An Act supplementary to an act, approved April 29, 1874, entitled "An Act to provide for the incorporation and regulation of certain corporations," amending the 34th section thereof, extending its provisions to fuel companies, providing for their capital stock and regulation, and giving them power of eminent domain.'

"It is a general rule of construction that all presumptions are in favor of the constitutionality of any act. It is only in a clear case that the courts are justified in declaring an act unconstitutional. This rule is applicable, not only where the provisions of an act are alleged to be unconstitutional, but also where the sufficiency of its title is brought into question : Craig

v. First Presbyterian Church, 88 Pa. 46.    The provision of the
constitution under consideration was not intended to obviate
the necessity for vigilance.    It was proposed in the convention
of 1838, and rejected, because it was feared it would render
legislation too difficult and uncertain and lead to litigation,
and since its adoption in 1864, and re-enactment in the consti-
tution of 1874, the courts have almost universally given the
titles of acts a liberal construction.    ' It will not do, therefore,
to impale the legislation of the state upon the sharp points of
criticism ; but we must give each title as it comes before us a
reasonable interpretation, *ut res magis valeat quam pereat.*    If
the title fairly gives notice of the object of the act, so as rea-
sonably to lead into an inquiry into the body of the bill, it is
all that is necessary.    It need not be an index to the contents,
as has often been said : '    Allegheny Co. Home's Ap., 77 Pa. 77.

" Where an act is entitled a supplement to a former act,
and the subject thereof is germane to the subject of the origi-
nal act, its title is sufficient : State Line, etc., Ry.'s Ap., 77
Pa. 429 ; Craig v. First Presbyterian Church, supra ; Potts-
town Borough, 117 Pa. 546 ; Millvale Borough v. Evergreen
Ry., 131 Pa. 1.

" But it is urged by plaintiff's counsel, and we think cor-
rectly, that where the title of the supplementary act goes fur-
ther, and specifies the nature of the changes made, its provisions
must be limited to the subjects specified.    A title to a bill,
which tends to mislead, stands upon a different footing from
one which is merely general in its terms.    When the title con-
veys the belief that one subject is the purpose of the bill, while
another and different one is its real subject, it tends to mislead
by diverting the attention from the true object of the legisla-
tion : Union Pass. Ry.'s Ap., 81* Pa. 91.

" But after a careful examination of this title we are uncon-
vinced that it is fairly subject to the objection made.    The title
first declares that the act is a supplement to the general act
providing for the incorporation and regulation of certain cor-
porations, and then proceeds to indicate the particulars in which
it supplements that act ; (*a*) by amending the 34th section there-
of ; (*b*) by extending its provisions to fuel companies ; (*c*) by
providing for their capital stock and regulation ; (*d*) by giving
them the power of eminent domain.    The words ' amending

the 34th section thereof,' and 'extending its provisions to fuel companies,' are different branches of the same general subject, and we do not think the careful reader would conclude, without examining further, that the latter clause was merely explanatory of the former. Amending an act or section of an act is one thing, extending its provisions is another. The provisions of an act may be extended in the form of an amendment, but if that were the sole purpose of which the title was to give notice, one would naturally suppose that the two clauses would have been connected by the word 'by,' or the words 'so as to extend,' or that the words 'extending the provisions of the 34th section to fuel companies' would have been used without inserting the first clause at all. As it was written, we think the title gives notice of an amendment of the 34th section beyond the mere extension of its provisions to fuel companies, which was sufficient to lead legislators and others interested to examine into the provisions of the act, and this, according to the great weight of authority, is the test.

" Fuel companies were expressly referred to, not for the purpose of diverting attention and misleading, but, as it seems to us, out of abundant caution, because they had not been mentioned in the original act. Judge LYNCH authorizes me to say that he concurs in the foregoing conclusions.

" This cause having come on to be heard on bill and demurrer, and having been argued by counsel and duly considered by the court, [the demurrer is sustained, and it is ordered that the bill be dismissed at the cost of the plaintiff.]"

*Error assigned* was the decree of the court as above in brackets, quoting it.

*Louis A. Watres, Lemuel Amerman* with him, for appellant.

*Henry W. Palmer,* for appellee.

PER CURIAM, April 25, 1892:

This case has been so well discussed by the learned judge of the court below, that we affirm the decree for the reasons given by him.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.