## Fries v. Null et al., Appellants.

*Deeds—Mortgages—Recording act—Act of March* 18, 1775.

A mortgage recorded after the expiration of six months from the date of its execution has priority over a deed recorded within six months from the date of the execution of the deed, under the act of March 18, 1775, 1 Sm. Laws 422, if the recording of the mortgage is prior in date to the recording of the deed.

Reargued Oct. 2, 1893. Appeal, No. 1, Oct. T., 1892, by defendants, Francis M. Null and Hester Null, from judgment of C. P. Westmoreland Co., Aug. T., 1886, No. 124, on verdict for plaintiff, Jesse Fries. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Reargument; sci. fa. sur judgment in ejectment. The facts appear in 154 Pa. 573.

*V. E. Williams, A. M. Sloan* and *W. A. Griffith* with him, for appellant, cited: Souder v. Morrow, 33 Pa. 83 ; Tryon v. Munson, 77 Pa. 250 ; McLaughlin v. Ihmsen, 85 Pa. 366 ; Harper's Ap., 109 Pa. 9 ; Gill v. Weston, 110 Pa. 317 ; Murray v. Weigle, 118 Pa. 164; Saunders v. Gould, 124 Pa. 251 ; Britton's Ap., 45 Pa. 172 ; Ruth's Ap., 54 Pa. 175 ; Grevemeyer v. Ins. Co., 62 Pa. 342 ; Salt Mfg. Co. v. Neel, 54 Pa. 19 ; 20 A. & E.

Enc. L. 528; acts of 1715, March 18, 1775, Sept. 23, 1783, and May 19, 1893, P. L. 110.

*Paul H. Gaither*, *H. P. Laird* and *J. A. Marchand* with him, for appellee, cited: Power v. McFerran, 2 S. & R. 40; Keller v. Nutz, 5 S. & R. 246; Burke v. Allen, 3 Yeates, 351; Geiss v. Odenheimer, 4 Yeates, 279; Jaques v. Weeks, 7 Watts, 261; Maclay v. Work, 5 Bin. 154; Poth v. Anstatt, 4 W. & S. 307.

OPINION BY MR. JUSTICE GREEN, October 30, 1893:

We have given a patient and careful attention to the very able argument of the learned counsel for the appellee in this case, with an entire willingness to correct any error we may have committed in our former opinion. But after a re-examination of the opinion, and in the light of the reasoning and authorities submitted on behalf of the appellee, we find ourselves unable to change the view we then expressed. In the case of Burke v. Allen, 3 Yeates, 351, the facts were so entirely different from those of the present case, and the parties and their positions, with reference to each other and the real question at issue, were so variant from the present contention, that we cannot regard the decision as applicable to the question arising on this record. Nor is the act of 1820 at all applicable to these parties or to their controversy. Of course as between opposing mortgages there is no lien except from the date of record. We do not deem it necessary to repeat or enlarge upon the reasoning heretofore expressed upon the meaning and effect of the act of 1775. We are not convinced that it was erroneous and therefore abide by it. It follows that the judgment of reversal heretofore entered remains.

WILLIAMS, MITCHELL and THOMPSON, JJ., dissent.