William Z. Sener, D. J. McCaa, Levi Landis and Martin S. Fry, Taxpayers, *v.* The Corporation of the Borough of Ephrata, William K. Mohler, Burgess, and George F. Groff, Jacob Spangler, J. B. Eshleman, George E. Mohler, John F. Mentzer and David B. Lefever, Town Council of the said Borough of Ephrata, Appellants.

*Municipalities—Boroughs—Municipal indebtedness—Increase of debt—Elections—Act of April* 18, 1895.

Under the act of April 18, 1895, P. L. 36, a municipality can only increase its indebtedness at any one time, at any one election, by an amount not over two per centum, by a vote of the people.

The court will not assume that the two lines commencing with the 18th line of section 4 of the act of April 20, 1874, P. L. 65, were accidentally dropped in the act of April 18, 1895, P. L. 36.

It seems that the act of April 18, 1895, P. L. 36, is not defective in title, and is constitutional.

Argued May 20, 1896.   Appeal, No. 382, Jan. T., 1896, by defendants, from decree of C. P. Lancaster Co., Equity Docket, No. 3, p. 139, on bill in equity.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity for an injunction.

The case was heard on bill, answer and proof, and BRUBAKER, J., filed the following opinion:

This suit is brought by the plaintiffs, who are citizens, property holders and taxpayers, against the borough of Ephrata, the

defendant, for the purpose of restraining its officers and agents from issuing and selling municipal bonds in the name of the said corporation, to be used in construction of certain water works by the borough, in pursuance of a special election held on July 9, 1895, and certain late borough ordinances.

The case was heard at the March term of our equity court, at which time the testimony, filed of record, was taken and the matter fully argued by counsel.

The following are the findings of fact, as we gather them from the testimony submitted.

### FINDINGS OF FACT.

1st. That plaintiffs are owners of real and personal estate in the said borough of Ephrata, and all, except the said William Z. Sener, are residents thereof.

2d. That on June 3, 1895, the town council of the said borough of Ephrata passed the following ordinance, to wit:

### AN ORDINANCE.

An ordinance for the purpose of obtaining the assent of the electors of the borough of Ephrata to increase the indebtedness of said borough in the sum of thirty thousand dollars ($30,000), or as much thereof as is required for procuring or erecting a water plant for said borough.

Be it ordained and enacted by the town council of the borough of Ephrata that a proposition be submitted to the qualified voters of said borough at a public meeting to be held therein for their assent or rejection of a proposed increase of the indebtedness of said borough to an amount greater than two and less than seven per centum of the last preceding assessed valuation of its taxable property; that said election be held at the public house of L. E. Royer, in the said borough, on Tuesday, July 9, A. D. 1895, between the hours of seven A. M. and seven P. M., and that the burgess give notice thereof during at least thirty days by weekly advertisement in the newspapers of said borough; the amount of the proposed increased indebtedness to be $30,000, to be raised by bonds bearing four per cent. interest, maturing in not less than five nor more than thirty years, and the said moneys thus raised, or so much thereof as may be required, to be used for the purpose of procuring or

erecting water works for said borough of such capacity as may be required to supply pure water for extinguishment of fire, and the protection of the borough and the property of its citizens and other public purposes, and of supplying its citizens with pure spring water for private and domestic uses.

Enacted into an ordinance at a stated meeting of the borough council of the borough of Ephrata, county of Lancaster, state of Pennsylvania, held the third day of June, A. D. 1895.

GEO. E. MOHLER, Chairman.

Attest: II. F. HERMES, Clerk.

Approved this third 3rd day of June, A. D. 1895.

W. K. MOHLER, Burgess.

3d. That at a special election held in pursuance of the aforesaid ordinance on July 9, 1895, at the public house of L. E. Royer, in said borough, qualified electors of said borough voted in favor of said increase of debt by a vote of two hundred and seventy-three in favor of and a vote of one hundred twenty-three against said increase of indebtedness.

4th. That on September 9, 1895, the town council of said borough of Ephrata passed the following ordinance, to wit:

### AN ORDINANCE

Authorizing the burgess to advertise for and issue the loan of $30,000 for the purpose of paying for the erection of water works for the borough of Ephrata, Pa.

Be it ordained and enacted by the town council of the borough of Ephrata, Pa., and it is hereby ordained by authority of the same:

Section 1. That the burgess of said borough be and is hereby authorized to issue coupon bonds of the borough of Ephrata in such forms as are now prescribed by law to an amount not exceeding thirty thousand dollars ($30,000), said bonds to be in denominations of five hundred dollars ($500) each, redeemable in lawful money of the United States at the pleasure of the said borough after five years, and within thirty years after their date, and bear interest at the rate of four per cent. per annum payable semi-annually at the office of the treasurer of said borough, free of state tax.

Sec. 2. That the burgess is hereby empowered, authorized

and instructed to advertise for proposals for the said bonds, and to sell the same to the highest bidder thereof; Provided, said bid be not less than their par value, and apply the proceeds thereof to the payment of the debt incurred by the erection of the borough's water works.

Sec. 3. An annual tax of two mills on all subjects of taxation is hereby levied to pay the principal and interest of the above within thirty years, collectible and payable as other · borough taxes.

Enacted into ordinance this ninth day of September, 1895.

GEORGE E. MOHLER, Chairman.

Attest: H. F. HERMES, Clerk.

Signed and approved this 9th day of September, A. D. 1895.

W. K. MOHLER, Burgess.

5. That on September 12, 1895, and on other days subsequent thereto, William K. Mohler, burgess aforesaid, advertised for sealed proposals for bids ·for the purchase of the whole or any part of the said $30,000 water bonds of the borough of Ephrata, in denominations of $500 each, as follows, to wit:

NOTICE TO BOND BUYERS.

Sealed proposals, indorsed " Bids for Bonds," will be received by the undersigned burgess of the borough of Ephrata until 7 o'clock P. M., Saturday, October 5, 1895, for the purchase of the whole or any part of the thirty thousand dollars ($30,000) water bonds of the borough of Ephrata, in denominations of five hundred dollars ($500) each, interest at the rate of four (4) per cent., payable semi-annually at the office of the borough treasurer, bonds bearing date November 1, 1895, and maturing in not less than five nor more than thirty years.

These bonds are being issued for the purpose of erecting water works for the borough of Ephrata as decided by the voters of said borough at a special election held Tuesday, July 9, 1895, resulting in a vote of 273 in favor of and 123 against the increased indebtedness, said election having been held according to an act of assembly dated April 20, 1874.

All bids must be accompanied by a certified check payable to the order of the undersigned, in the sum of two per cent. of the amount of said bid, which check will be forfeited in case of a

failure to complete contract. In case of bids being rejected, the checks will be returned at once after the bonds have been placed. The authorities reserve the right to reject any and all bids.                                        W. K. MOHLER, Burgess.

September 10, 1895.

Attest: H. F. HERMES, Clerk.

6. That in pursuance of said ordinances and notice above referred to, the said burgess of the borough of Ephrata proposes to issue coupon bonds to the amount of $30,000, as aforesaid, after the contract for the works is awarded to the contractor.

7. That the amount of the taxable property of said borough of Ephrata, according to the last assessment, is $794,337 ; and the amount of the indebtedness of the said borough on January 1, 1894, was $15,500. The percentage of the proposed increase of indebtedness of $30,000 is about 3 and ¾ per centum of said valuation.

8. That the ordinance of September 9, 1895, providing for said issue of bonds to the amount of $30,000, assesses and levies an annual tax of only two mills upon the assessed valuation of the property of said borough, which tax if all were collected will, upon the valuation of the property of the said borough, amounting to $794,337, produce only the sum of $1,588.67, which will not in thirty years or less pay the interest on said bonds amounting to $1,200 per annum, and the principal thereof amounting to $30,000. That at a meeting of the councils of the said borough of Ephrata, on the 9th day of October, 1895, the following action was taken:

. Section 3, of the former ordinance, was so amended as to read:

" An annual tax of two and one-half mills on all subjects of taxation is hereby levied to pay the principal and interest of the said loan of $30,000 within thirty years, collectible and payable as other borough taxes."

That the said amendment to said ordinance was approved by the burgess of said borough on October 10, 1895; that said annual tax of two and one-half mills would be sufficient to pay the interest on said proposed municipal bonds and the principal thereof within thirty years.

9. That neither the principal officer or officers nor any officer or officers of the borough of Ephrata have filed in the office of

the clerk of quarter sessions of Lancaster county any statement showing the actual indebtedness of the borough of Ephrata, the amount of the last preceding assessed valuation of taxable property therein, the amount of debts to be incurred, the form, number and date of maturity of the obligations to be issued therefor, the amount of annual tax levied and assessed to pay said indebtedness, to which there has been appended any oath or affirmation of the truth of the facts therein stated.

10. That the proposed increase of indebtedness of the borough of Ephrata will exceed three per centum.; that the ordinance as amended on October 9, 1895, levies a tax sufficient to pay the principal and interest of the debt within thirty years.

### CONCLUSIONS OF LAW.

The main question submitted to us in this contention is the interpretation of the act of assembly of the 18th of April, 1895 (P. L. 36). The plaintiffs contend that the municipality by this act is permitted to increase its indebtedness to an amount not exceeding two per centum at any one time, and as the borough has proposed to increase it more than three per centum, such action is illegal, and without authority of law. The defendant, on the other hand, contends that the law permits the indebtedness of any borough to be increased to an amount exceeding two per centum, and not exceeding seven per centum, with the assent of the electors ; that the act of 1895 does not change the law as it stood in this respect ; that it intends only to relieve and abolish the eight per centum restriction under the act of 1874 (P. L. 65), and, therefore, seeks to amend section 4 of the act of 1874 for that purpose, leaving the act of 1891 (P. L. 252) in full force.

Section 4 of the act of assembly of April 20, 1874, as amended by section 1 of the act of the 18th of April, 1895, reads as follows :

" Whenever, by the returns of such election, it shall appear that there is a majority voting for 'no increase of debt,' such increase shall not be made. Nor shall any other election upon the same subject be held in that municipality for one year from the date of such preceding election. If the return of such election shall show a majority voting that ' debt may be increased,' the corporate authorities of the municipality may increase the

same to the amount named and specified in the notice given for the holding of such election for increasing indebtedness, to an amount not exceeding two per centum, including the sworn statement to be filed in the office of the court of quarter sessions of the proper county ; and they shall, before issuing any obligation therefor, assess and levy an annual tax, the collection whereof shall commence the first year after the said increase, which tax shall be equal to and sufficient for and applied exclusively to the payment of the interest and the principal of such debt within a period not exceeding thirty years from the date of such increase ; and the moneys arising from such tax shall be applied, at such periods as the municipality may stipulate in such obligations, to the redemption at par, of the said outstanding obligations according to their terms."

Section 2. All acts and parts of acts inconsistent herewith be and the same are hereby repealed.

It seems to us that the obvious intention of the act of 1895, as we read it, was to regulate the mode of increasing indebtedness as well as to relieve from and abolish the eight per centum restriction. It will be observed that it is a supplemental act to the act of 1874 with a distinct repealing clause, repealing all acts or parts of acts inconsistent therewith. The following words contained in section 4 of the act of 1874, and also in the act of 1891, commencing on the eighteenth line of section 4 of the former act, as cited for amendment, were altogether left out of the act of 1895 : " In the manner and subject to all the requirements provided by the second section of this act."

The clause, as it stands in the former act, is as follows :

" If the return of such election shall show a majority voting that ' debt may be increased,' the corporate authorities of the municipality may increase the same to the amount named and specified in the notice given by them for the holding of such election, in the manner and subject to all the requirements provided by the second section of this act for increasing indebtedness to an amount not exceeding two per centum, including the sworn statement to be filed," etc.

The clause as it reads in the act of 1895 is as follows :

" If the return of such election shall show a majority voting that ' debt may be increased,' the corporate authorities of the municipality may increase the same to the amount named and

specified in the notice given for the holding of such election for increasing indebtedness, to an amount not exceeding two per centum, including the sworn statement to be filed," etc.

The language of this act of assembly appears clear and intelligible. We cannot see that it needs any other interpretation than what the language plainly imports. We can see no ambiguity in it. It plainly indicates when and to what amount the debt may be increased, as it expressly says, to an amount not exceeding two per centum with the assent of the electors. The act does not pretend to limit the borrowing capacity of municipalities to two per centum, and, therefore, is not in direct conflict with article 9, section 8, of the constitution, which fixes the limit at seven per centum. It simply means, therefore, in our opinion, that a municipality can only increase its indebtedness at any one time, at any one election, to an amount not over two per centum, by a vote of the people. We are unable to see that any other construction of the law could be put upon this act, without ignoring the plain intention of the legislature.

Nor are we permitted to assume in our interpretation of this act of assembly, as contended by the learned counsel for the defendant, that the draughtsman, in his attempt to repeat the entire section proposed for amendment, accidentally dropped the two lines commencing with the eighteenth line of section 4 of the act of 1874. This would be a violent presumption; for statutes cannot be construed in that way. On the contrary, in our opinion, the presumption would be that the legislature purposely intended to leave the matter out; and, perhaps, they did so wisely, having in view the purpose of checking municipal extravagance and expenditures, which have grown to enormous limits.

If we are correct in our view of the law, the proposed increase of indebtedness and issue of bonds for $30,000 is illegal; because the increase of indebtedness, as is admitted by the defendant, will exceed three per centum. As we have said before, the act of 1895 was intended to repeal, as it says in section 2, all acts or parts of acts inconsistent therewith.

We feel disposed to give the borough defendant the benefit of all other defenses, and confine our decision simply to the interpretation of the act of 1895. We, therefore, treat the amended ordinance as regular, and permit the defendant to file

the sworn statement required by the acts of 1874 and 1895, in case the appellate court should not meet our view in the interpretation of the act of 1895. In pursuance of this opinion we have handed down a decree, making the injunction in this case perpetual, which we order to be filed with this opinion.

Now, April 23, 1896, this cause came on to be heard and was. argued by counsel at the March term, 1896, equity court, and thereupon it is ordered, adjudged and decreed as follows, viz:

That the corporation of the borough of Ephrata, William K. Mohler, burgess, and George F. Groff, Jacob Spangler, J. B. Eshleman, George E. Mohler, John F. Mentzer, and David B. Lefever, town council of the said borough of Ephrata, and its corporate officers and agents, be and are hereby enjoined and perpetually restrained from making,. signing, sealing, issuing or selling bonds or instruments of writing of any nature whatsoever, for or on behalf of or in the name of said borough of Ephrata, for the purpose of procuring or erecting water works for said borough, and from pledging the credit of said borough in any manner for the purposes aforesaid, and from issuing any bonds or evidences of indebtedness whatever in the name of the borough of Ephrata for said purpose, or any other purpose, in persuance of the special election held on July 9, 1895, and under the ordinances of the said borough of Ephrata of June 3, 1895, September 9, 1895, and October 9, 1895, and if any bonds have been issued under said election and ordinances they be surrendered, delivered up and canceled, in accordance with the prayer of plaintiff's bill.

And it is further ordered that the said defendants pay the costs of these proceedings.

*Error assigned* was above decree.

*W. U. Hensel, J. Hay Brown* with him, for appellant.—There is no notice in the title of this act of any intention to limit or restrict boroughs or other municipalities in the amount of indebtedness which they may incur, nor is there any intention whatever in the title or the text of the bill to modify section 3 of the act of 1874: Dorsey's App., 72 Pa. 192; Union Pass. Ry. Co.'s App., 81* Pa. 91.

But it is not necessary here to stand upon the mere form of

the statute, for we contend that not only under the constitution and the acts of 1874 and 1891, but under the severest and most literal construction of the law as it stands, amended by the act of April 18, 1895, boroughs and other municipalities have the right by a popular vote to increase their indebtedness at one election from two to seven per centum of their valuation: Pike County v. Rowland, 9 W. N. C. 241; Wheeler v. Philadelphia, 77 Pa. 338; Brooke v. Philadelphia, 102 Pa. 123; Endlich on the Interpretation of Statutes, sec. 301; Worth v. Peck, 7 Pa. 268; Kelly Twp. v. Union Twp., 5 W. & S. 535; McCahn v. Hirst, 7 Watts, 180; Comfort v. Leland, 3 Wharton, 81; Gue v. Kline, 13 Pa. 60; Keller v. Com., 71 Pa. 413; Com. v. Marshall, 69 Pa. 328; Endlich on Statutes, 437; Lancaster Co. v. Frey, 128 Pa. 593; Lancaster Co. v. Lancaster City, 160 Pa. 411; Act of April 13, 1854, P. L. 352; Erie v. Bootz, 72 Pa. 199; Potter's Dwarris on Statutes, 144; Newell v. The People, 7 N. Y. 97; Com. v. Kimball, 24 Pick. 370; Broome's Legal Maxims, 513; Holl v. Deshler, 71 Pa. 301; Big Black Creek Imp. Co. v. Com., 94 Pa. 450.

*George Nauman, Appel & Appel* with him, for appellee.—A mere glance at the act is sufficient to show that the title is sufficient to cover the provisions in controversy: Allegheny Co. Home's App., 77 Pa. 78; State Line & Juniata R. R. Co.'s App., 77 Pa. 431; In re Pottstown Borough, 117 Pa. 546; Philadelphia v. Ridge Ave. R. R., 142 Pa. 484; Com v. Edgerton Coal Co., 164 Pa. 303.

The act of 1895 means, as the judge below tersely puts it, that a municipality can only increase its indebtedness at any one time, at any one election, to an amount not over two per centum by a vote of the people: Harrow Co. v. Rosenberger, 40 L. I. 382; Pittsburg v. Kalchthaler, 114 Pa. 547; Endlich on Interpretation of Statutes, p. 536; p. 30, sec. 24, and p. 415, sec. 305; Lancaster County v. Frey, 128 Pa. 593; Lancaster County v. Lancaster City, 160 Pa. 411; Pike County v. Rowland, 9 W. N. C. 241.

To the charge that this contention is based upon a technicality, it is sufficient answer to state that the right of a taxpayer to maintain a bill of this kind in equity has always been upheld by the courts: 2 Dillon on Municipal Corporations, sec. 914;

2 Beach on Injunctions, sec. 1286; Page v. Allen, 58 Pa. 338; Erie City's App., 91 Pa. 398; Kemble v. Titusville City, 135 Pa. 141; Wilkes-Barre's App., 109 Pa. 554; Bruce v. Pittsburg, 166 Pa. 152; Scott v. City of Davenport, 34 Iowa, 208.

The issue of bonds in this case would be illegal, because the return of the election was not counted by the judge; Act of June 29, 1891, P. L. 252; 1 Pepper & Lewis, 569; Witherot v. Titusville School Board, 7 Pa. C. C. 451.

PER CURIAM, May 28, 1896:

The learned judge of the court below reached a correct conclusion in this case. The act of 1895 is plainly expressed, is definite in its directions, and free from ambiguity. We cannot reform it to meet a supposed legislative intent not expressed and not apparent on its face. The conclusions of law drawn by the learned judge are an adequate discussion of the subject, and justify the decree appealed from. It is affirmed upon these conclusions. The costs to be paid by the appellant.