## Hopkins v. Albee York Homes, Inc.

*Daniel W. Shoemaker*, for plaintiffs.

*Robert H. Griffith*, for defendants.

SHADLE, J., February 14, 1967.—This is an action in equity by which plaintiffs seek to strike from the record their mortgage held by defendants on the

ground that the mortgage lacks a valid acknowledgment. The case has been submitted to the court for determination as though defendants had filed a motion for summary judgment against plaintiffs under Pennsylvania Rule of Civil Procedure 1035.

On December 13, 1962, there was recorded a mortgage from plaintiffs to Albee York Homes, Inc., and assigned to Approved Bancredit Corporation, dated December 12, 1962. The mortgage bears a certificate of the acknowledgment of plaintiffs before a notary public, dated December 12, 1962. Plaintiffs claim, and for the purpose of the motion we assume, that the acknowledgment certificate is false because they never acknowledged the mortgage nor saw the notary public. Plaintiffs made monthly payments on the mortgage from December 12, 1962, until March 23, 1966. The present suit was instituted on September 15, 1964. On May 22, 1964, a judgment was entered of record against plaintiffs by City Floors, Inc., to no. 920, May term, 1964, for $396.46.

It is important to note that for the purpose of this motion, plaintiffs concede, and we assume, that the mortgage itself is valid. In Maguire v. Preferred Realty Co., 257 Pa. 48 (1917), it was held that the absence of an effective acknowledgment does not affect the validity of an instrument as between the parties to it. Plaintiffs contend, however, that because a valid acknowledgment is a prerequisite to effective recording of the mortgage, the mortgage is improperly recorded and must be stricken from the record.

Plaintiffs cite the Act of March 18, 1775, 1 Sm. L. 422, sec. 1, as amended, 21 PS §444, which provides that conveyances shall be acknowledged and recorded to be valid against subsequent purchasers and creditors. This act is applicable to mortgages: Southwestern National Bank v. Riegner, 292 Pa. 74 (1928).

They argue, therefore, that the absence of an effective acknowledgment entitles them to a decree in equity striking the mortgage from the record.

Unfortunately, there is no law so holding. There seems to be no question that a defectively recorded mortgage is not given the protection of constructive notice which the act of 1775 provided as to intervening purchasers or lien holders who would be adversely affected thereby. However, counsel have cited no authority, and we have been unable to discover any, which entitles a mortgagor, in an action against his mortgagee, to strike from a record a mortgage which he concedes is valid and effective between them, simply because it bears a defective acknowledgment. The situation is not analogous to one in which a debtor seeks to have an obligation declared invalid for forgery, fraud or a similar defect. In such cases, the relief of striking from the record may be granted as supplementary to a decree declaring the obligation invalid. Here, there is no such basis upon which the court can act.

Whether or not such remedy may exist, defendants claim, nevertheless, that plaintiffs are barred by laches from asserting it. Laches has been defined as the neglect for an unreasonable and unexplained time, under circumstances which would have permitted diligent action, to do what in law should have been done, which delay results in injury to the other party involved: Mulholland v. Pittsburgh National Bank, 418 Pa. 96 (1965).

Here, the mortgage was executed and recorded in December, 1962. Not only did plaintiffs do nothing thereafter to assert any remedy until suit was started on September 15, 1964, they even made monthly payments in recognition of the mortgage until March 23, 1966, a period of over three years. As defendants argue, in the meantime the memory of the notary public

in question, whose testimony would be crucial on whether the acknowledgment occurred and the details concerning it, necessarily would become clouded by the lapse of time and many other such transactions.

Even more significant is the fact that on May 22, 1964, a year and a half after the mortgage was executed, and four months before plaintiffs started this action, a judgment was entered against them by another creditor. Were plaintiffs now to be afforded the relief they seek, not only would defendants' mortgage be subordinated to the lien of such judgment, but it would lose its time-honored and much valued status as a first lien.

The conclusion is inescapable, therefore, that plaintiffs have unreasonably and unexplainedly delayed for nearly two years to seek the relief they now claim, and that such delay has and will result in substantial injury to defendants in the litigation of the claim and the granting of such relief. This constitutes laches which precludes the remedy plaintiffs seek.

We desire to make it clear, however, that we have in no way made any determination as to whether the obligation in question is a valid one and may be enforced. For the purpose of this proceeding, we merely have assumed, as plaintiffs temporarily have conceded, that the mortgage debt is valid. Should it be decided to the contrary in some other proceeding, whether the mortgage should thereupon be stricken from the record can be decided at that time. As a matter of fact, the outcome of the present proceeding would seem to be of little moment to either of the parties. Whether or not the mortgage remains of record, the real issue of its ultimate validity and enforceability will remain undecided. It is that question the parties eventually will have to litigate, and when they do, the supplementary issue of recordation will be resolved as a matter of course.

## ORDER

And now, to wit, February 14, 1967, summary judgment is hereby entered in favor of defendants and against plaintiffs. An exception is noted for plaintiffs.