## Ebner *against* Goundie.

Where two deeds are made of different dates from the same grantor to different persons, neither of which is recorded within six months, that which is first recorded will take priority.

ERROR to the Common Pleas of *Lehigh* county, in which an action of trespass *quare clausum fregit* was brought by John G. Goundie against Henry Ebner, John J. Krause, John Rice and Jacob Fetzer, and a verdict and judgment rendered for the plaintiff.

James Allen was the owner of a large tract of land in Lehigh county, of which tract that on which the trespass complained of was committed, was a part.　On the 13th of December 1772 he granted a part of the tract to Martin Derr.　The south boundary of the part thus granted was 5 feet north of the Little Lehigh. This left a small strip of land belonging to Allen between the Derr tract and the Lehigh.　On this strip the plaintiff alleged the defendants committed the trespass complained of.

It appeared that in the year 1778 James Allen died, having devised his lands to his son and three daughters, then unmarried. The tract of which the land in dispute was a part, he devised to his daughter Elizabeth, soon afterwards married to William Tilghman.　On the 3d of April 1798 William Tilghman and wife conveyed the entire tract to Samuel Davis for a nominal consideration, who on the same day reconveyed the same to William Tilghman in fee.　There being some difficulty about the lines of the different tracts devised to the different children, they agreed to make partition of the lands by mutual deed which bore date the

[Ebner v. Goundie.]

17th of May 1798. This deed was signed by William Tilghman and wife, Mr Livingston and wife and Ann P. Allen, the brother having died intestate and without issue. In the deed the grant from Mr Livingston and wife and Ann P. Allen was to Mrs Tilghman to hold to herself and her heirs and assigns for ever in severalty, the several tracts of land, &c.

By deed dated the 1st of April 1823, William Tilghman conveyed this land to the Northampton Bank. This deed was acknowledged on the same day, and recorded on the 17th of June 1834. On the 31st of December 1838, the bank conveyed to the Northampton Water Company, under whom the defendants held.

William Tilghman died on the 30th of April 1827, and Mrs Greenleaf and Mrs Livington (the daughters of James Allen) finding no deed for this land on record, sold it to John Miller on the 27th of November 1828. Miller sold to Rinker on the 2d of June 1835 by deed, as whose property it was sold by the sheriff to Paul Miller and conveyed on the 12th of September 1837, and by Paul Miller conveyed to the plaintiff on the 4th of July 1840. The deed to John Miller was not recorded until the 10th of May 1841, though the plaintiff alleged he took possession and that possession had been since continued.

The court below charged the jury that the deed to William Tilghman vested the fee simple of the land in him: but although his deed to the Northampton Bank was placed on record first, yet if the bank was not in possession and John Miller had no notice of it when he bought and paid his money, and he took possession and made improvements, the plaintiff's title under him was good.

There were other points involved in the case, but this was the only one on which this court expressed an opinion.

*Gibons* and *Davis*, for the plaintiff in error, insisted that the deed to the bank, being first recorded, gave the legal title against a subsequent grantee by the express words of the 1st section of the Recording Act of the 18th of March 1775, which enacts that deeds and conveyances not recorded within six months shall be void against a subsequent purchaser or mortgagee for valuable consideration, unless such deed be recorded before the proving and recording of the deed or conveyance of such subsequent purchaser or mortgagee. This very point was decided in *Lightner* v. *Mooney*, (10 *Watts* 407).

*Porter*, contra, contended that a deed not duly recorded, that is to say, within the six months prescribed by the Act of Assembly, is of no effect against a *bonâ fide* purchaser, who on searching the records could find nothing to affect the title: nor were persons buying of such subsequent purchaser, especially at a sheriff's sale, bound to look for such deeds or affected by latent conveyances. It would be hard on parties to lose their land when

[Ebner v. Goundie.]

they could have no notice by record or by possession. To affect them the prior conveyance should be recorded before the execution of their deeds.

PER CURIAM.—This cause was tried before the report of *Lightner* v. *Mooney*, (10 *Watts* 407), was published; else it would doubtless have been decided differently, so far as regards the point before us. There we held that where neither deed has been recorded within the six months, the first will prevail if it has been first recorded; indeed such expressly is the provision of the statute which precludes a grantee from insisting on want of record notice to himself, where he has not done what the law enjoins to give notice to those who may come after him. Here there was no question of possession to take the case out of the rule; and we are bound to send the record back for another trial.

Judgment reversed, and a *venire de novo* awarded.