[Berg et al. *v.* Shipley.]

## WESTERN DISTRICT, PITTSBURGH, 1857.

## Berg *et al. versus* Shipley.

Grant.
1g 429
154  582

1. An unrecorded deed of land, more than six months old, gives place to a junior recorded deed.

2. If neither of two deeds of land are recorded within six months, that conveys the title which is first recorded.

3. Clear and actual possession of land under an unrecorded deed, is generally notice to a subsequent purchaser.

ERROR to the Court of Common Pleas of *Fayette county.*

Uriah Springer purchased the land in controversy, at commissioner's sale for taxes, in the county of Fayette, made in June, 1832. It was called the William Arr tract. Mr. Springer transferred this tract to James Piper, Esq., for $8.65, by assignment, on the back of the commissioner's deed. On the 12th day of March, 1835, Mr. Piper obtained a patent for this tract, and by deed, dated 25th of April, 1837, sold it to David Berg, Jr., the defendant below, which was recorded the 5th of June, 1838. Mr. Berg went into the possession of the land at that time, and has remained in possession until now. It was alleged by the plaintiff below, that Uriah Springer had bought this, with other tracts, as agent for Andrew Stewart, Esq., of which Mr. Piper had notice. It did not appear, however, that David Berg, Jr., who had purchased *bona fide*, paid his money, and had been in possession from 1837 to the present time, had any knowledge of this trust. The court below, GILMORE, P., putting all these matters aside, decided that, as the deed from Uriah Springer to Mr. Stewart, dated 9th January, 1836, acknowledging the trust, had been recorded on the 17th of February, 1836, it was superior to Mr. Berg's, which had not then been recorded under our recording acts.

The charge of the court, *inter alia*, was assigned for error.

*Deford,* for plaintiff in error :

Referred to the Act of 18th March, 1775; 4 R. 445; 10 W. 407–412; 6 Id. 137–264.

*J. B.* and *A. Howell,* for defendant in error:

Referred to *Bunting* v. *Young,* 5 W. & S. 188; *Moore* v. *Small,* Ib. 195; *Ebner* v. *Gounde,* Ib. 49; *Lightner* v. *Mooney,* 10 W. 407.

The opinion of the court was delivered November 27, 1857, by WOODWARD, J.—If the court were right in ruling the case in

[Berg et al. *v.* Shipley.]

favor of the plaintiff upon the paper title, the bill of exception to Wilson's testimony loses all of its importance, and need not be considered.

What then was the case on the papers ?   A grantor made two deeds to two different parties for the same land, under the eldest, or first of which the defendants below claimed, and under the last of which, plaintiff claimed.   The first deed would have conferred the best right if it had been recorded within six months from its delivery, but it was never recorded.   The last was recorded within a month from its date, and this gave it under our recording acts a preference over the other.   If neither had been recorded within six months after delivery, that one would have held which was first recorded.   4 W. & S. 307 ; 5 W. & S. 49 ; 10 W. 407.   But the record of one of them within the period prescribed by the statute, made it all the better.

The court were entirely right therefore in ruling the case in favor of the recorded deed.

But counsel urge that Springer was Stewart's trustee, and that his deed is a mere declaration of trust, and not within the recording acts.   The deed does, it is true, recite that the legal title was conveyed to him, Springer, by the county commissioners by mistake, but it is a formal release and transfer of that title for a valuable consideration to Stewart in fee.   " All deeds and conveyances of or concerning, any lands, tenements or hereditaments in this province, or whereby the same be in any way affected in law or equity," are the comprehensive words of the enactment, which prescribes the recording of deeds, and this conveyance of Springer to Stewart is within them.   No deed was ever more clearly recordable, or better entitled to the effect and benefit of the record.

Another suggestion of counsel that Berg's possession of the land, was notice to Stewart of Piper's title, does not seem well founded in fact.   Clear and actual possession under an unrecorded deed, is generally notice to a subsequent purchaser, but no such possession was in proof.   It does not appear that there was a syllable of evidence on the subject, and all the counsel have said and printed on the point, in his paper book, is labor lost.

The judgment is affirmed.