## Fries *v.* Null et al., Appellants.

[Marked to be reported.]

*Deeds—Mortgages—Recording act—Act of March* 18, 1775.

A mortgage recorded after the expiration of six months from the date of its execution has priority over a deed recorded within six months from the date of the execution of the deed, if the recording of the mortgage is prior in date to the recording of the deed.

A mortgage was executed on April 2, 1875, and recorded on Oct. 4, 1875, which was more than six months after the date of execution. A deed for the same land was executed on April 6, 1875, and recorded Oct. 5, 1875, which was one day less than six months after its execution. *Held,* that the mortgage had priority of lien to the deed.

MR. JUSTICE WILLIAMS and MR. JUSTICE MITCHELL, dissent.

*Recording act of March* 18, 1775.

The recording act of March 18, 1775, relates not only to deeds of conveyance but also to mortgages.

*Practice, Supreme Court—Assignments of error—Exceptions.*

Error may be assigned to answers to points, or to the charge of the court, although no exceptions were taken to the answers or the charge in the court below.

Argued Oct. 4, 1892. Appeal, No. 1, Oct. T., 1892, by defendants, Francis M. Null and Hester Null, from judgment of C. P. Westmoreland Co., Aug. T., 1886, No. 124, on verdict for plaintiff, Jesse Fries. Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur judgment in ejectment.

The evidence on the trial, before DOTY, P. J., was to the following effect: F. M. Null, Jr., one of defendants, became the owner in severalty, on March 28, 1871, of a tract of land in East Huntingdon township, Westmoreland county.   While still seized, on April 2, 1875, he delivered a mortgage on eighty-one acres of this tract, reserving the coal and mining rights, to Hester Null, his mother, which was not recorded until Oct. 4, 1875, six months and two days after its delivery.   On April 6, 1875, F. M. Null, Jr., executed and delivered to plaintiff a deed conveying his entire tract containing 190 acres and including the part four days previously mortgaged to his mother. Plaintiff recorded his deed within six months, to wit: on Oct. 5, 1875, and one day after the recording of Hester Null's mortgage.

To recover possession of the land, plaintiff brought ejectment against Francis M. Null, No. 529, May T., 1877, and, on June 27, 1878, recovered against him a conditional verdict and judgment.   In the meantime Hester Null had proceeded upon her mortgage to judgment, execution and sale, and the mortgage premises, eighty-one acres, except the coal and mining rights, were conveyed to her by the sheriff, by deed dated May 6, 1878, acknowledged in open court May 25, 1878, more than a month prior to the recovery by Fries.

Plaintiff afterwards, to No. 319, May T., 1880, brought a second action of ejectment for the same tract of one hundred and ninety acres against Joseph Null, Hester Null, Wm. M. Null and W. J. Shawley, which resulted, Dec. 21, 1883, in a " verdict for plaintiff for the land described in the writ, with 6¼ cents damages, except so much thereof as is conveyed and described in a deed dated May 6, 1878, by James Borlin, sheriff, to Hettie Null, and as to the premises described in said deed, the jury find for the defendant Hettie Null."   The judgment in this case was reviewed by the Supreme Court and affirmed. Reported in Null v. Fries, 110 Pa. 521.

Plaintiff afterwards obtained possession of all the land except the eighty-one acres sold to Hester Null.

On June 2, 1886, plaintiff sued out this writ, No. 124, Aug. T., 1886, sur judgment at No. 529, May T., 1877, ejectment, commanding the sheriff to make known to the defendant, Francis

M. Null, and to the terre tenants of the lands to be and appear, etc., to show if anything for defence they know or have to say why the said judgment should not be revived and the lien continued, and why the plaintiff ought not to have execution by habere facias, etc.　To this writ the sheriff made return that he had made it known, etc., to M. B. Noah Hixon and S. H. Null, terre tenants, and F. M. Null, defendant.

On Sept. 18, 1886, Hetty Null presented her petition to be allowed to intervene, which was granted to the extent of the eighty-one acres of the land claimed by her.

Defendant gave evidence to show that, at the time plaintiff accepted the conveyance from F. M. Null, plaintiff had actual notice of the prior mortgage to Hetty Null.

The court charged in part as follows:

" Out of all the evidence and out of all these matters, there comes a single question of fact to be submitted to you.　So after all the duty you have to perform is a plain one,—one of great importance in this case, and this question is, Had Jesse Fries, the plaintiff, knowledge, on the 6th of April, 1875, when he took the deed and before its delivery, of the existence of the mortgage to Hettie Null on the eighty-one acres?　If he had such knowledge the defendant has a better title to the eighty-one acres, and your verdict should be for Hester Null.　If he had not such knowledge he would take the land free from incumbrance, and to this extent your verdict would be for the plaintiff.　Whether or not he had such knowledge is a question exclusively for you to determine under the evidence; the defendants allege it and they must prove it by clear and satisfactory evidence." [4]

Plaintiff's point was among others as follows:

" 4. In order to charge the plaintiff with knowledge of the existence of the mortgage given by F. M. Null to Hester Null, the proof of the notice of the existence of such mortgage must be clear, satisfactory, precise and indubitable.　Without such clear, satisfactory, precise and indubitable proof of notice, the allegation of notice is insufficient and you should find for the plaintiff.　*Answer:* The proof of notice of the existence of this mortgage, as we have already instructed, must be by clear and satisfactory evidence; the burden is upon the defendant to establish such notice,—if the evidence be not clear and satisfactory your verdict should be for the plaintiff." [2]

Defendants' point was among others as follows:

" 4. That the title taken by Mrs. Null, by virtue of said sheriff's sale as to said eighty-one acres, relates back to and commences with the date of said mortgage, to wit, April 2, 1875, and which was prior to the deed taken by Fries and was and is a better title than that of Fries. *Answer :* This point is affirmed if you find that Fries had notice of the mortgage at the time of the conveyance to him on April 6, 1875." [1]

Verdict and judgment for plaintiff.   Defendants appealed.

*Errors assigned* were (1, 2, 4) instructions, quoting them.

*V. E. Williams, W. A. Griffith* with him, for appellants.—
The act of 1875 is a statute highly penal in its character.   It is therefore to be construed strictly: Bucher v. Com., 103 Pa. 528; 1 Bl. Com. 88; 3 Bl. Com. 161.

The legislature intended and wisely declared, that the subsequent purchaser must prove and record his conveyance before the recording of the prior deed, before he can ask that the prior deed be adjudged fraudulent and void.   It was intended to promote and compel the prompt recording of deeds and conveyances.

The limitation of six months is for the protection of the prior purchaser or mortgagee only, and has no application whatever, in the present case, to the subsequent conveyance.

The fact that he recorded his deed within six months from its execution would prevail against the mortgage, if subsequent in execution and record; but the mortgage being prior in date and record his diligence avails him nothing: Souder v. Morrow, 33 Pa. 83.

A subsequent purchaser to be first in right against a prior purchaser must be first on the record; payment of purchase money with improvements are not savings in favor of a subsequent purchaser, under act of 1775: Penna. Salt Mfg. Co. v. Neel, 54 Pa. 9; Lightner v. Mooney, 10 Watts, 407; Poth v. Anstatt, 4 W. & S. 307; Ebner v. Goundie, 5 W. & S. 49; Hetherington v. Clark, 30 Pa. 393; Souder v. Morrow, 33 Pa. 83; Aldrich v. Bailey, 71 Pa. 253.

*Paul H. Gaither, H. P. Laird, John B. Keenan* and *J. A.*

*Marchand* with him, for appellee.—Defendant alone was delin-quent, plaintiff fulfilling the literal requirements of the record-ing act.   In such case, all things else being equal, he who first recorded his deed had the better title: Poth v. Anstatt, 4 W. & S. 307; Ebner v. Goundie, 5 W. & S. 49.  In Souder v. Morrow, 33 Pa. 83, both purchaser and mortgagee were in de-fault.

The correct construction of the act of 1775, giving six months within which to record " deeds and conveyances," does not con-template a mortgage given to secure borrowed money.   Under the act of March 28, 1820, mortgages shall have priority only from the date of their record.

No exceptions were taken to the instructions of the court below.

OPINION BY MR. JUSTICE GREEN, May 8, 1893:

It certainly must be conceded, under all the decisions, that if both the mortgage and the deed were unrecorded within six months from the date of their execution, the mortgage of Hes-ter Null would have preference over the deed of Fries, although at the time that Fries took his deed the mortgage was not re-corded, and he had no notice of it.   But it is contended for the appellee that because Fries had six months within which to record his deed by the terms of the act of 1775, and he actually did record it one day before the six months expired, he has pri-ority over the mortgage although the mortgage was recorded one day before his deed was placed on record.   We are not referred by the counsel for the appellee to any authority for such a doctrine, and after a very careful search among our re-ported cases the writer has not been able to discover any de-cision of this court to that effect.   It is argued for the appellee that both parties must be in default for the whole period of six months, before the language of the statute becomes applicable in favor of the priority of the mortgage.   Why?   The words of the statute do not say so.   This court has never so decided. Apparently the words of the act mean precisely the opposite of this contention.   They are as follows: Act of March 18, 1775, sec. 1, Purd. Dig. 583, pl. 94: " And every such deed and con-veyance that shall at any time after the publication hereof, be made and executed, and which shall not be proved and recorded

as aforesaid, i. e. within six months after execution, shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee for valuable consideration, unless such deed or conveyance be recorded as aforesaid before the proving and recording of the deed or conveyance under which such subsequent purchaser or mortgagee shall claim." That is to say, the mortgage of Hester Null having been made and delivered on April 2, 1875, not having been recorded until October 4, 1875, being two days more than six months after its execution, would be postponed to the deed of the same premises made and delivered to Jesse Fries, on April 6, 1875, and recorded on October 5, 1875, one day before the expiration of six months from its execution, unless the said mortgage was recorded before the subsequent deed was recorded. There is but one reading of this language. The penalty of postponement is not incurred if (1) either the mortgage is recorded at any time within six months from its execution, or (2) if it is actually recorded before the deed is recorded. Clearly Hester Null had just as good a right to wait six months before record ing her mortgage as Jesse Fries had to wait that time before recording his deed. Of course she incurred a penalty by delay, for if Jesse Fries had recorded his deed on the day it was made, April 6, 1875, or on any other day before October 4, 1875, she had no lien by virtue of her mortgage as against his deed. And Jesse Fries had the right to avoid the lien of the mortgage although it was made before his deed, if at any time from its date and before October 4th he had recorded his deed. Hester Null by her delay imperiled the lien of her mortgage, and Jesse Fries, by his delay, failed to secure an advantage over the prior incumbrance which he might have had, if he had been prompt in recording his deed. It happens that by the very words of the statute the Null mortgage was still entitled to its preference if it was recorded before the Fries deed was recorded. There is no matter of sentiment or good morals about the transaction. It is simply a question of written law founded doubtless upon just considerations of public policy. It is sufficient that the law is so written. It does not say that its words are to apply only when both parties have been derelict for the whole period of six months, and if we undertake to say so we must put words in the statute which are not there now, and this we cannot do.

The contention that we ought to adopt this construction fails to consider that the six months privilege of delay in the recording is not given to acquire rights as against precedent conveyances, but to protect the holders of unrecorded conveyances against *subsequent* conveyances of the same premises by the same grantor. For that purpose an immediate recording is not requisite. If that duty is performed within six months the title of the holder is good against a subsequent purchaser for value and without notice. But the holding of that privilege does not confer upon such a grantee any right as against such a previous grantee, except such right as is given by the express words of the act. That right is that if he will record his conveyance he will obtain a preference but not otherwise. Bearing in mind that if at any time within the six months Hester Null had recorded her mortgage, though after Jesse Fries had taken his title, she would undoubtedly be entitled to her preference if Jesse Fries had not in the meantime recorded his deed, it is difficult if not impossible to see why, if she is first on the record, she should not have that preference, although he records within six months. What is the necessity for his being in default beyond the six months, in order that she may have the preference which the act gives her if she is first on the record? If both have exceeded their six months it is conceded she would have the preference by virtue of her prior record. Why is not her prior record efficacious if he is within the six months? It would not be efficacious if the act said so, but only for that reason, and the act does not say so.

If we recur to the authorities they are entirely in accord with this view. Thus in Souder v. Morrow, 33 Pa. 83, it is true that both parties were in default beyond the six months, but the decision of this court was not put upon that consideration. LOWRIE, C. J., says in the opinion: "The act of 1775 requires the recording of both deeds and mortgages, and gives the very law of this case in fixing the penalty of disobedience. It says they shall be void against subsequent purchasers and mortgagees, if not recorded in proper time and place; *unless recorded before the subsequent ones.* Here the law was violated in relation to both the prior and subsequent ones; but the prior one was first recorded, and *therefore* the condition on which it was to be void did not arise."

As is seen, the decision gave preference to the first conveyance, not because both were in default more than six months, but because it was first recorded. The remainder of the opinion confirms this view. The opinion, proceeding, says : " Purchasers ought to know that they have only a conditional title, dependent on the honesty of their vendors, so long as they neglect to record their deeds. They are not safe merely because of the neglect of a former purchaser to record within six months and of there being no subsequent deed to oppose them ; but because, among several deceived purchasers, they are the first to obey the law," thus repeating the reason before stated that it is the first recording that gives the preference, and gives it without any distinction as to a joint dereliction of the same kind by both.

The same remark is true of the decision in the case of Penna. Salt Manufacturing Co. v. Neel, 54 Pa. 9. We said, THOMPSON, J.: " The plain teaching of the act is that in order to be first in right against a prior purchaser's deed the subsequent purchaser must be first in time on the record. We have many decisions to this effect in our books," citing a number of cases, and among them Souder v. Morrow, above considered. Nothing was said about both parties being in the same dereliction, either as a fact or as a reason for the decision.

In Hetherington v. Clark, 30 Pa. 393, WOODWARD, J., stated the rule thus: " An unrecorded deed is null and void as against a bona fide purchaser of the same land for a valuable consideration, and nothing can save it but placing it on record before the second purchaser gets his deed there."

Here again priority of record is the only saving fact required to preserve the efficacy of the prior deed against the subsequent purchaser's title. Other authorities are to the same effect.

As a matter of course, under the act of 1820 the Null mortgage was no lien, except from the date of its record, but as it was recorded before the deed of Fries was recorded it was a lien against his land under the act of 1775. The contention that the act of 1775 relates only to deeds of conveyance, and does not include mortgages, is not tenable, as it would be in plain conflict with all the cases. In none of them is any distinction made between deeds and mortgages, and in Souder v. Morrow, supra, the first conveyance was a mortgage and it was given

the preference over the subsequent deed.   Moreover the language of the act is, "All deeds and conveyances, . . . . of or concerning any lands," etc., shall be recorded, etc., and certainly a mortgage is a conveyance concerning land.   In Philips v. Bank of Lewistown, 18 Pa. 394, we held that an assignment of a mortgage was a conveyance within the recording acts.   LEWIS, J., said: "A mortgage is in *form* a conveyance of the land, and an assignment of it is another conveyance of the same land. The assignment of a mortgage is therefore within the language of the recording act of 1715. . . . A mortgagee stands on the footing of a purchaser of the land and his assignee without notice takes it discharged of the latent equity of third persons."

In addition to these considerations the first section of the act of March 18, 1775, the one we have been considering, expressly provides that if the prior conveyance be not recorded within six months it shall be adjudged fraudulent and void " against any subsequent purchaser or *mortgagee* for valuable consideration unless," etc.

A suggestion is made in the argument for the appellee that as no exception was taken in the court below by the appellant, either to the answers to points or to the charge of the court, error cannot now be assigned in those respects.   It is sufficient to say that under the act of 1877, P. L. 38, the points and answers become part of the record to which error may be assigned in this court, whether exceptions were taken in the court below or not.   This matter has been very recently considered and decided by us in the case of Janney v. Howard, 1 Adv. R. 339 [150 Pa. 339].

The assignments of error are all sustained.

Judgment reversed.


MR. JUSTICE MITCHELL dissenting:

I am obliged to dissent most earnestly from this judgment which I regard as little less than revolutionary in its effect on title to land under the recording acts.   By the act of 1775 grantees have six months in which to put their deeds on record, and the construction settled by the general understanding and practice for more than a century, has been that this privilege, thus expressly given, is a substantial one, that means what it explicitly says, and that can be lost only by the gran-

tee's own neglect. It is only when by the delay of both parties, two deeds are both outside of the term, that it becomes a race between them which shall get on record first. That is the effect of all our cases from Lightner v. Mooney, 10 Watts, 407 ; Poth v. Anstatt, 4 W. & S. 307, and Berg v. Shipley, 1 Grant, 429, down. It is a construction in accordance with the spirit of all our recording acts against the extension of secret liens. By the construction now adopted a vendee may lie in wait for years until a second purchaser has paid his money in good faith for an apparently clear title and then cut him out by getting first on the record. Against this danger a purchaser has no safeguard but by immediate record, although the statute delusively offers him six months in which to bring up his searches, keep a lookout for mechanics' liens and complete his arrangements in safety. Such an interpretation is unsupported by any adjudicated case, completely nullifies the express privilege of six months given by the statute, and overturns the settled cotemporaneous construction for a century past, which is always said to be fortissima in lege.

MR. JUSTICE WILLIAMS joins in this dissent.

Reargument ordered July 19, 1893.