Carson, Administrator, *v.* Eickhoff.

---

CARSON, ADMINISTRATOR, *v.* EICKHOFF

[No. 18,012.   Filed October 29, 1897.]

MORTGAGES.— *Recording.*— *Priority.*—*Statute Construed.* — A *bona fide* real estate mortgage taken for a valuable consideration, which has been recorded within forty-five days as provided by section 3350, Burns' R. S. 1894 (2931, R. S. 1881), takes precedence of a mortgage taken five days before, but not recorded within the statutory period.

From the Marion Superior Court. *Affirmed.*

*Oliver H. Carson,* for appellant.

*Lucius B. Swift,* for appellee.

HACKNEY, J.—The principal question in this case is as to the seniority of the mortgage liens of the appellant Carson, administrator of Ivy Hansley's estate, and the appellee Eickoff, respectively.

The mortgage to the appellant's decedent was executed May 2, 1895, and was recorded July 15, 1895,

more than seventy days after its execution. The mortgage to the appellee was executed May 7, 1895, was recorded May 11, 1895, and was taken by him to secure a valid loan made to the mortgagor on said 7th day of May, 1895, which loan was made and said mortgage was taken without any knowledge whatever of the existence of the mortgage so theretofore executed.

The statute, section 3350, Burns' R. S. 1894 (2931, R. S. 1881), reads as follows: "Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance or lease not so recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration."

The appellant's contention is that under this statute the second mortgage, in point of time of execution, does not take precedence, unless it is executed after the lapse of the forty-five days provided for the recording of the mortgage first executed.

Why the legislature should have intended to place the holder of the second mortgage in a less favorable position because of his having taken his mortgage before the limit of the time prescribed for the recording of the older mortgage than he would have occupied in taking it after the forty-five days, we do not comprehend. His mortgage is given priority by reason of his good faith in taking it, and because of the laches of the holder of the older mortgage. He is in no position to act with reference to the time when the first mortgage is executed, since a knowledge of the time of its execution deprives his transaction of its good faith. That this mortgage is taken after the forty-five days from the execution of the first mort-

gage would not increase his equities, and to have taken it before, certainly could not diminish them. When the *bona fides* of his mortgage is established, its seniority is declared by reason of the laches of the first mortgagee in failing to comply with the recording statute. The first mortgage is made "fraudulent and void as against any subsequent * * * mortgagee in good faith," etc.

The command of the statute is that a mortgage shall be recorded. Time is not a part of the command, and it has always been held that it is valid, as to the mortgagor, regardless of the time of recording. But, that the rights of innocent, subsequent mortgagees for value may not be defeated by unreasonable delay and that they may not be precluded from dealing with reference to the property, the statute in effect provides that if a mortgage is not recorded within forty-five days from its execution, the lien thereof shall not relate back to the date of execution so as to defeat a mortgage prior in time but recorded as required. Here, there is no question of the validity of the appellee's mortgage; it was executed and received in good faith, and was recorded within the time which establishes the lien thereof from its date. The lien of the appellant's mortgage relates to the time of the recording thereof, inasmuch as it was not recorded within the period entitling it to relation back to its date. See *Schaeffer* v. *Fithian*, 17 Ind. 463.

Very clearly, therefore, the appellee's mortgage is senior as a lien, and the lower court's decision was correct.

The judgment is affirmed.