# Gillespie *v.* Buffalo, Rochester & Pittsburg Railway Company, Appellant.

*Deeds—Recording act—Act of March* 18, 1775.

A deed recorded after the expiration of six months from the date of its execution has priority over a subsequent deed recorded within six months from its execution, if the recording of the first deed is prior in date to the recording of the second deed. (Fries v. Null, 154 Pa. 573, followed.) The grantee in the second deed by taking possession and making improvements does not thereby acquire a title superior to that of the grantee in the first deed.

Where the owner of land conveys it by deed, but retains possession, and thereafter makes a second deed and delivers possession to the grantee in it, and the first deed is recorded after six months from its date, but prior to the recording of the second deed, which, however, is recorded within six months from its date, and the grantee in the first deed is ignorant of the entry upon and use of the land by the grantee under the second deed, the grantee in the first deed is entitled to recover the land in ejectment.

Argued Oct. 16, 1902.   Appeal, No. 11, Oct. T., 1902, by defendant, from judgment of Superior Ct., April T., 1901, No. 13, affirming judgment of C. P. Jefferson Co., Sept. T., 1889, No. 98, on verdict for plaintiff in case of W. M. Gillespie v. Buffalo, Rochester & Pittsburg Railway Company.   Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZRAT and POTTER, JJ.   Affirmed.

Appeal from Superior Court.

The opinion of the Superior Court by W. W. PORTER, reported in 17 Pa. Superior Ct. 569, was as follows:

This is an ejectment brought by William M. Gillespie against the Buffalo, etc., Railway Company. The plaintiff claims title to the land by deed from J. U. Gillespie and wife, dated August 5, 1880, and recorded February 7, 1883. The defendants claim title by deed from J. U. Gillespie and wife to the Brockwayville, etc., Railway Company (by which company the land was subsequently conveyed to the defendants), dated December 22, 1882, and recorded April 13, 1883. The title, upon the dates of execution and recording, is in the plaintiff. The case comes within the rule laid down in Fries v. Null, 154 Pa. 573, and 158 Pa. 15. The appellants, in terms, ask us to reverse the decision of the Supreme Court. This we are unwilling to do. See also Collins v. Aaron, 162 Pa. 539.

The appellants, however, contend that the plaintiff, having failed to record his deed within six months after its execution, and the defendants (by their predecessors in title), having, as it is alleged, taken possession and made improvements upon the land in dispute prior to the recording of the plaintiff's deed, the possession of the defendants was notice to the plaintiff of their title and the equivalent of a recording of the defendants' deed. The plaintiff's deed antedated that of the defendants, and had the plaintiff, with the knowledge of the defendants, taken visible possession of the land before recording his deed, it might have been notice to the defendants. See Lightner v. Mooney, 10 Watts, 407. But we are not prepared to hold, nor would any of the cases seem to sustain the view, that the defendants having, in ignorance, accepted a deed posterior to the date of the plaintiff's deed, and having taken possession and made improvements, thereby acquired a title superior to that of the plaintiff, who recorded his deed anterior to the recording of the defendant's deed, both being recorded more than six months after execution. See Penna. Salt Mfg. Co. v. Neel, 54 Pa. 19.

The appellants further contend that J. U. Gillespie (the plaintiff's deed being unrecorded), was the owner, and that his grant to the railroad was a mere easement and operated as a release of claims. There are several answers to this proposition. 1. J. U. Gillespie may have been in possession, but title

to the real estate was, by virtue of the deed to William M. Gillespie, in the latter at the time that the deed of grant was made to the railroad company, subject only to be cut out by the prompt recording of the company's deed. 2. The railroad company did not enter into possession by appropriation under statute, but by virtue of the grant made by J. U. Gillespie. The conveyance of the right of way was absolute. The title of the defendants stands upon the grant, which does not purport to be a mere release of claims, and is not a grant from the real owner: Richards v. Buffalo, etc., Railroad Company, 137 Pa. 530. 3. If the railroad company entered upon the land by permission of J. U. Gillespie, who is alleged to have been in possession, but who was not the real owner, the possession obtained was no more than J. U. Gillespie could give. Such a state of facts might be a bar to an action in trespass, but not to an ejectment by one holding a deed anterior in date and record to that to the railroad company neither deed having been recorded within six months of execution: Oliver v. Pittsburg, etc., Railway Company, 131 Pa. 408. Especially is this true as to one who, holding the deed anterior in date and record, has been found by the jury to have been ignorant of the entry upon and use of the land by the holder of the posterior conveyance.

The appellants further claim that the plaintiff is estopped from setting up his title because he had knowledge of the delivery of the deed by his father to the railroad company, and kept silence as to the anterior deed which had been made to him. In order to operate as an estoppel, the fact that the plaintiff had knowledge of the matters alleged by the defendants must have been ascertained. The allegation of knowledge was in large part based on oral testimony, the credibility of which was for the jury. The learned trial judge instructed the jury that if the plaintiff " knew that the railroad was being built across this land, and that the railroad company was making improvements and expending large sums of money on the faith of the right of way so granted to it, and further knew that the title to the property was in him and not in his father, then it became and was his duty to speak out and to warn the railroad company of the true situation, as he now claims it, and having failed to do so, then he would be es-

topped from doing so now." Thus were the matters of silence and knowledge submitted to the jury as questions of fact, with clear instructions as to the effect of the facts if found. The verdict for the plaintiff is thus a finding that the plaintiff had not the knowledge of the transaction with which he was charged by the defendants.

We think further discussion unnecessary and, therefore, the judgment is affirmed

ORLADY, J., dissents.

*Error assigned* was the judgment of the Superior Court.

*C. Z. Gordon,* with him *C. H. McCauley* for appellant.

*Charles Corbet,* with him *George A. Jenks* and *Clarence O. Morris,* for appellee.

PER CURIAM, November 3, 1902:

This judgment is affirmed on the authority of Fries v. Null, 154 Pa. 573.