## ASHLEY COFFMAN v. CARL J. CHRISTENSON.[1]

December 6, 1907.

Nos. 15,481—(186).

**Foreclosure of Mortgage—Second Redemption.**

A certificate of redemption, issued by the holder of the sheriff's certificate of mortgage foreclosure to the owner of the property on redemption from the sale, which is not filed for record within four days after the expiration of the redemption year, as required by R. L. 1905, § 4483, is void as to a second redemption duly made through the sheriff, in good faith, by a junior lienholder.

**Same.**

This is so, even though the second redemption be made and the certificate thereof filed for record within the time limited for recording the first certificate.

**Record—Intervening Rights.**

The record of instruments made after the time limited by law for recording the same does not relate back to the date of execution, so as to destroy or impair intervening rights acquired in good faith. Where recorded after the time prescribed, their operation is prospective only.

**Conflicting Presumptions.**

Presumptions are used in the administration of the law as weapons of defense, not of assault; and, in cases where they are conflicting, effect will be given, in the absence of evidence on the subject-matter thereof, to that which negatives, rather than to that which implies bad faith.

Action in the district court for Norman county to determine adverse claims to certain real estate. The case was tried before Grindeland, J., who dismissed the action. From an order denying a motion to amend the conclusions of law and order for judgment or to vacate the decision of the court and grant a new trial, plaintiff appealed. Reversed.

*Bryan & Coffman,* for appellant.
*Philip Gilbert, J. M. Hetland,* and *George E. Budd,* for respondent.

[1] Reported in 113 N. W. 1064.

BROWN, J.

The facts in this case are as follows: On October 19, 1901, one Frank Paska was the owner of the land in controversy and mortgaged it to Day and Wishard to secure the payment of the sum of $542.86. The mortgage was duly recorded on December 10, 1901. On January 8, 1903, Paska conveyed the land to Christenson, defendant in this action, and one Munger, by warranty deed in the usual form. The deed was recorded March 10, 1904. The Day and Wishard mortgage was duly foreclosed by advertisement on August 20, 1904, and a sheriff's certificate of sale issued to the mortgagees as purchasers. This certificate was recorded August 25, 1904. On September 7, 1904, Munger, the joint owner of the property with defendant, Christenson, by the deed from Paska, mortgaged his undivided one-half interest therein to plaintiff in this action to secure the payment of $900. The mortgage was recorded September 27, 1904, and has never been paid. The period within which defendant and Munger, the owners of the land at the time of the foreclosure of the Day and Wishard mortgage, could redeem therefrom, expired August 21, 1905. On August 19, 1905, defendant, Christenson, paid Day and Wishard the amount necessary to effect the redemption, and they in turn executed and delivered to him an instrument in the following language:

> Thos. C. Day and George W. Wishard, the owners and holders of the following described sheriff's certificate of sale, hereby certify that they have received from C. J. Christenson the sum of five hundred thirty-eight and 85/100 dollars ($538.85) in full of the redemption from the foreclosure of the mortgage dated October 19, 1901, recorded in the office of the register of deeds of Norman county, Minnesota, December 10, 1901, at 10 o'clock a. m., in book 10 of mortgages, on page 337, executed by Frank Paska and Mary Paska, his wife, and covering the south half of the northeast quarter and the north half of the southeast quarter of section nineteen (19) in township one hundred and forty-five (145), of range forty-three (43), Norman county, Minnesota, as evidenced by a certain sheriff's certificate of foreclosure dated August 25, 1904, at 9 o'clock a. m., in Book No. 9 of deeds, on pages 485 and 489; and in consideration of said

payment we hereby assign and transfer unto said C. J. Christenson all our right, title, and interest in said sheriff's certificate, mortgage, and the land therein described.

The instrument bears date August 19, 1905, but was not acknowledged until August 26 of that year, and was not recorded in the office of the register of deeds until August 29. Prior to its record, on August 22, 1905, plaintiff, as mortgagee of an undivided one-half interest in the land, and, so far as the record discloses, in good faith and without notice of the redemption attempted to be made by Christenson, redeemed from the foreclosure by paying the necessary amount to the sheriff of the county, who executed and delivered to him a certificate of redemption in due form, which was recorded on August 22, 1905. The record does not disclose what became of the redemption money. It does not appear whether the sheriff still retains it, or whether he paid it over to Christenson, successor to the rights of Day and Wishard, the original holders of the sheriff's certificate.

Plaintiff thereafter brought this action against Christenson to determine his adverse claims to the land, alleging that the same was vacant and unoccupied, and that defendant claimed some estate or interest therein. Defendant answered, claiming to be the owner of an undivided one half of the land and to possess a lien on the other half for $425, the grounds of which were not stated. On the facts above outlined, which were stipulated to by the parties, the court ordered the action dismissed, and plaintiff appealed from an order denying a new trial.

The whole case centers around the legal effect of the Christenson redemption. The instrument delivered to Christenson by Day and Wishard upon the payment of the redemption money purports upon ·its face to be both a certificate of redemption and an assignment of the sheriff's certificate of foreclosure. The parties in their stipulation of facts designated it as an assignment, and the trial court so referred to it in the findings of fact. We do not deem it necessary to determine its legal effect. It is unnecessary to a determination of the rights of the parties.

If the instrument be construed as an assignment of the sheriff's certificate, and Christenson was in position to take an assignment thereof,.

it operated as a transfer of all the rights of Day and Wishard under the foreclosure, from which plaintiff had the undoubted right to redeem. Martin v. Sprague, 29 Minn. 53, 11 N. W. 143. If such was its effect, Christenson occupied the position of Day and Wishard, and plaintiff was obliged to redeem in order to protect his rights as junior mortgagee. If, however, the instrument be construed as a certificate of redemption, then the rights of the parties are determined by the construction to be given section 4483, R. L. 1905, in connection with the failure to record the certificate within the time there prescribed. That statute provides that, where redemption is made by the mortgagor or owner of the property, the certificate thereof shall be recorded within four days after the expiration of the redemption year, and that, if not so recorded, it shall be void as to subsequent good faith redemptioners. The Christenson certificate was not in fact recorded within the time so prescribed. It should have been recorded on August 24, but was not recorded until the twenty ninth of that month. In the meantime plaintiff made redemption through the sheriff and caused his certificate thereof to be recorded before the record of the Christenson certificate.

The statute above referred to, requiring a record of redemption certificates, is a recording statute, so called, and must be construed in harmony with the rules applicable to other statutes requiring the registration of instruments affecting the title to real property. The reason and purpose of the legislation is plain. Certificates of redemption are important muniments of title to the property with reference to which they are issued, and it is essential that they be recorded. If the redemption be made by the mortgagor or owner of the land, the foreclosure is annulled, and the record of redemption discloses the fact for the guidance of all interested parties. It cancels what would, if the redemption were not made, ripen into an absolute title to the land. If the redemption be made by a subsequent lienholder, it operates to transfer to him all rights of the purchaser at the foreclosure sale or the holder of the sheriff's certificate at the time redemption is made, and becomes a link in the chain of title. The record, therefore, of such instruments, is just as important as the record of other instruments by which title to land is transferred or affected.

The language of the statute is unambiguous. It declares that certificates of redemption not recorded within the time prescribed shall be void as to subsequent good-faith redemptioners. The question here presented is whether Christenson's unrecorded redemption certificate was void as to plaintiff. It occurs to us that there can be but one answer to this question. Plaintiff's good faith in making the redemption is not questioned, and we are bound to assume that he had no notice of the attempted redemption by Christenson, who paid the redemption money to Day and Wishard, holders of the sheriff's certificate, instead of to the sheriff. Plaintiff paid to the sheriff, and there is no evidence that either the sheriff or plaintiff knew of the payment by defendant to Day and Wishard. From this it necessarily follows, unless we are to repeal the statute by judicial construction, that his redemption was valid and effectually transferred to him the title and rights of Day and Wishard, holders of the certificate of foreclosure.

But it is suggested that, because plaintiff's redemption and the record thereof were made within the four days allowed Christenson to record his certificate, plaintiff is not entitled to the protection of the statute as a subsequent good-faith redemptioner. This precise question has been before the courts in numerous analogous cases involving the public record of instruments, and the uniform trend of the decisions is contrary to the contention of defendant. Dale v. Arnold, 2 Bibb (Ky.) 605; Cabot v. Armstrong, 100 Ga. 438, 28 S. E. 123; Clarke v. White, 12 Pet. (U. S.) 178, 9 L. Ed. 1046; Fries v. Null, 154 Pa. St. 573, 26 Atl. 554; Carson v. Eickhoff, 148 Ind. 596, 47 N. E. 1067; White v. Interstate, 106 Ga. 146, 32 S. E. 26; Pollard v. Cocke, 19 Ala. 188; Schmidt v. Zahrndt, 148 Ind. 447, 47 N. E. 335; Sanborn v. Adair, 29 N. J. Eq. 338; Northrup's Lessee v. Brehmer, 8 Ohio, 392; Turpin v. Sudduth, 53 S. C. 295, 31 S. E. 245, 306.

The general rule on the subject is that where a statute prescribes a definite period within which instruments shall be recorded, if the instrument be recorded before the expiration of that time, the record relates back to the date of its execution and gives it priority over subsequent instruments, though the latter may be recorded first; but, where the instrument is not recorded within the time limited, the subsequent recording will have no retrospective effect, and a later

conveyance, or lien acquired, without notice of the prior unrecorded instrument, is entitled to precedence, which cannot be divested by subsequently recording the older instrument. And this is true, even though the junior instrument was executed and recorded within the time limited for recording the prior one. 24 Am. & Eng. Enc. (2d Ed.) 95, and cases cited; Webb, Record Title, § 133. The statute under consideration comes within this rule, and it follows, conceding the Christenson certificate one of redemption, that it was void as to plaintiff because not recorded within the time prescribed therefor, nor prior to the recording of plaintiff's certificate.

The further contention of counsel for defendant, to the effect that Christenson, being the owner of the fee of the land, must be presumed to have been in the actual possession thereof when plaintiff redeemed, which possession constituted notice to him of Christenson's rights, and therefore, within Niles v. Cooper, 98 Minn. 39, 107 N. W. 744, plaintiff was not a good-faith redemptioner, cannot be sustained. The stipulation of facts does not refer to the possession of the land at the time plaintiff redeemed, and the court cannot well assume, for the purpose of charging plaintiff with bad faith and with notice of Christenson's rights, that the latter was in actual possession of the land. This would lead the court into a conflict of presumptions, from which it might find difficulty in extricating itself. Nothing appearing to the contrary, we are bound to assume that plaintiff redeemed in good faith, without notice of Christenson's rights; and if we are to presume that Christenson was in actual possession of the land at that time, thus giving notice of his rights, we are confronted with two presumptions diametrically opposed. In such a case, where the subject-matter is not made clear by evidence, the court should act upon the presumption which negatives, rather than the one which implies, bad faith. The presumption of innocence and good faith is one of the strongest, and always prevails over one giving rise to an inference of guilt or bad faith. Excelsior v. Owens, 58 Ark. 556, 25 S. W. 868; Phelan v. Walsh, 62 Conn. 260, 287, 25 Atl. 1, 17 L. R. A. 364; Louisville v. Thompson, 107 Ind. 442, 8 N. E. 18, 9 N. E. 357, 57 Am. 120; Jones v. Jones, 45 Md. 144; McArthur v. State, 59 Ark. 431, 27 S. W. 628; 22 Am. & Eng. Enc. (2d Ed.) 1236. Or, as ex-

pressed in West v. State, 1 Wis. 210, 216, presumptions are "to be used in the administration of justice as a weapon of defense, not of assault."

We have considered the suggestion of plaintiff that on the undisputed facts of the case he is entitled to final judgment on the merits in his favor, and that the case should be remanded with directions accordingly. This was an appeal from an order denying a new trial, and it is not usual on such appeals to direct that the findings of the court below be amended, either as to facts or conclusions of law, to the end that a particular judgment may be awarded, even in cases where, as at bar, such relief was demanded in the motion for new trial. The usual practice is to remand the case, where the order is reversed, for further proceedings below, and such will be the disposition of this case.

Order reversed.