## Southwestern National Bank v. Riegner.

*Mortgages—Priority of lien—Recording acts.*

Where defendant takes a mortgage dated Nov. 29, 1922, which is not recorded for more than two years, *i. e.*, until Dec. 10, 1924, and in the interim, on Dec. 3, 1924, plaintiff takes a mortgage and records it ten days later, on Dec. 13, 1924, and both mortgages are for full value and neither mortgagee has knowledge of the existence of the other mortgage, upon a sheriff's sale of the property and subsequent distribution of the proceeds, plaintiff's mortgage takes priority over defendant's mortgage and the latter is rendered fraudulent and void and creates no estate as against the former under the Acts of May 28, 1715, 1 Sm. Laws, 94, and March 18, 1775, 1 Sm. Laws, 422, as amended by the Act of May 19, 1893, P. L. 108; the Act of March 28, 1820, 7 Sm. Laws, 303, providing that all mortgages shall have priority according to the date of recording without regard to the time of execution, is limited in its application to the lien of the mortgage and not to the estate created by the mortgage.

Exceptions to court's conclusions of law. C. P. No. 5, Phila. Co., June T., 1925, No. 12,010, in Equity.

*Boyd Lee Spahr* and *Charles I. Thompson* (of *Ballard, Spahr, Andrews & Ingersoll*), for plaintiff.

*William A. Gray* and *Harold B. Bornemann,* for defendant.

MARTIN, P. J., Aug. 25, 1927.—The parties agreed upon the facts, and filed a case stated setting forth that each held a mortgage upon a property that had been sold in execution under an earlier judgment for a price which left a balance for distribution in the hands of the sheriff after payment of the judgment; but the amount was not sufficient to pay either mortgage in full.

The question submitted for determination by this court is, which mortgage has priority?

Plaintiff's mortgage was dated Dec. 3, 1924, and was recorded ten days later, on Dec. 13, 1924.

Defendant's mortgage was dated Nov. 29, 1922, and was recorded more than two years later, on Dec. 10, 1924, three days before plaintiff's mortgage was placed on record.

Both mortgages were executed for full value, and neither mortgagee had knowledge of the existence of the other mortgage.

Plaintiff claims the fund by virtue of the Act of May 28, 1715, 1 Sm. Laws, 94, which provides that no mortgage shall be good or sufficient to grant any estate unless recorded within six months after the date thereof, and the supplemental Act of March 18, 1775, 1 Sm. Laws, 422, requiring all deeds and conveyances to be recorded within six months after execution, and providing that deeds and conveyances not recorded as aforesaid shall be adjudicated fraudulent and void against any subsequent mortgagee. There was a saving clause in this act—"Unless said deed or conveyance be recorded as aforesaid before the proving and recording of the deed or conveyance under which said subsequent purchaser or mortgagee shall claim."

The Act of May 19, 1893, P. L. 108, is entitled "An act to amend the Act of 1775." Section 1 of the act to be amended is recited for amendment, including the clause "unless such deed or conveyance be recorded as aforesaid before the proving and recording of the deed or conveyance under which said subsequent purchaser or mortgagee shall claim." It is enacted that the act "be and is hereby amended as follows. . . ." The period within which deeds and conveyances are required to be recorded is reduced to ninety days. The provision of the Act 'of 1775 declaring that every deed and conveyance not recorded within the time "shall be adjudged fraudulent and void against any

subsequent purchaser or mortgagee for a valid consideration" is re-enacted; but the clause giving priority to the deed or conveyance first recorded is omitted.

Plaintiff claims the failure of defendant to record his mortgage within six months after it was executed made it fraudulent and void as to plaintiff's mortgage; that the omission to re-enact in the Act of 1893 the saving clause of the Act of 1775, giving priority to the mortgage first on record, repealed that provision of the law, and that the mortgage owned by plaintiff is entitled to priority, although recorded three days after defendant's mortgage was placed on record.

Defendant contends that the saving clause of the Act of 1775, which gave priority to the instrument first recorded, was not repealed, although it was omitted from the amending Act of 1893, and that his mortgage, recorded three days before the mortgage owned by plaintiff, had priority under provisions of the Act of 1775 and the Act of May 28, 1820, 7 Sm. Laws, 303, which enacts that all mortgages shall have priority according to the date of recording, without regard to the time of execution; that no mortgage except one given for purchase money shall be a lien until recorded; and that a mortgage becomes a lien when filed of record, no matter how long a time may have elapsed since the date of signing the mortgage, and without' regard to the limitation of six months for recording, enacted in the Acts of 1715 and 1775. Counsel for defendant relied upon Fries v. Null, 154 Pa. 573, 158 Pa. 15, to support his claim, in which case it was held that a mortgage recorded more than six months after it was executed had priority over a deed recorded within six months of the date it was executed but placed on record after the mortgage was recorded.

The Act of 1820 is limited in its application to the lien of the mortgage, and not to the estate created by the mortgage.

In Britton's Appeal, 45 Pa. 172, 177, 178, it was said by Strong, J., referring to the Act of 1820: "That act declared that all mortgages, except those given for purchase money, shall have priority according to the date of recording the same, and that no mortgages, except those for purchase money, shall be a lien until it [they] shall have been recorded or left for record. Unlike the Act of 1715, it does not declare the unrecorded mortgage void. It attempts only to limit the commencement of its lien. . . . Mortgagees are purchasers as between each other. . . . They are purchasers as against subsequent purchasers absolutely without notice. They are purchasers under powers to sell. . . . They are in form defeasible sales, and in substance grants of specific security, or interests in land for the purpose of security. Ejectment may be maintained by a mortgagee, or he may hold possession on the footing of ownership and with all its incidents. And though it is often decided to be a security or lien, yet, so far as it is necessary to render it effective as a security, there is always a recognition of the fact that it is a transfer of the title. . . ." Speaking of the Act of 1820, he added: "That touches only the lien, not the estate."

In Fries v. Null, 154 Pa. 573, 580, 581, it was declared that "the contention that the Act of 1775 relates only to deeds of conveyance, and does not include mortgages, is not tenable, as it would be in plain conflict with all the cases. In none of them is any distinction made between deeds and mortgages; and in Souder v. Morrow, supra, the first conveyance was a mortgage, and it was given the preference over the subsequent deed. Moreover, the language of the act is, 'All deeds and conveyances of or concerning any lands,' etc., and certainly a mortgage is a conveyance concerning land. . . . 'A mortgage is in form a conveyance of the land, and an assignment of it is another conveyance

of the same land.' . . . A mortgagee stands on the footing of a purchaser of the land."

After the passage of the Act of 1893, in which the saving clause giving priority to the instrument first recorded, contained in the Act of 1775, was omitted, the case of Smith v. Young, 259 Pa. 367, was decided. The Act of May 19, 1893, P. L. 108, it was held, amended the Act of March 18, 1775, 1 Sm. Laws, 422, and carefully and deliberately changed the law relating to recording. After the passage of the Act of 1893, all deeds and conveyances were required to be recorded within ninety days after execution, and if not so recorded were fraudulent and void as to subsequent purchasers and mortgagees.

It was said by Mr. Justice Potter: "It would seem to be desirable that no extension of time should be allowed for the recording of deeds or conveyances, and that priority should be given to the instrument first placed upon the record. But that is, of course, a matter entirely for the legislature."

Counsel for defendant urged that the law declared in Fries v. Null should be applied to the instant case. In the opinion delivered in Smith v. Young, 259 Pa. 367, 370, 371, it was said: "The court below calls attention to the fact that the decision in Fries v. Null was rendered May 8, 1893, and the act amending the Act of 1775 was approved on May 19, 1893, eleven days later. . . 'I take it that the omission by the legislature (of the clause quoted above) was for the reason that it decided to change the law as set forth in the case of Fries v. Null.' No other conclusion can be drawn from the Act of 1893. It clearly operates as a repeal of the final clause of the first section of the Act of 1775."

It was argued that the time elapsing between the date when the decision in the case of Fries v. Null was handed down and the passage of the Act of 1893 was not sufficient to have informed the legislators and effected the legislation. The case was appealed from Westmoreland County and docketed there as of August Term, 1886, and argument in the lower court was heard Oct. 4, 1892. The parties had been litigating their respective titles for several years prior to the final decision. Whether or not that litigation influenced the legislation is of no importance. In a dissenting opinion, Mr. Justice Mitchell, in the case of Fries v. Null, 154 Pa. 582, said: "It is only when by the delay of both parties two deeds are both outside of the term that it becomes a race between them which shall get on record first. That is the effect of all our cases. . . . It is a construction in accordance with the spirit of all our recording acts against the extension of secret liens. By the construction now adopted a vendee may lie in wait for years until a second purchaser has paid his money in good faith for an apparently clear title and then cut him out by getting first on the record. Against this danger a purchaser has no safeguard but by immediate record, although the statute delusively offers him six months in which to bring up his searches, keep a lookout for mechanics' liens and complete his arrangements in safety."

The following decree was entered in the instant case: "And now, to wit, this 26th day of May, 1927, it is ordered and decreed that the mortgage executed on the 3rd of December, 1924, and recorded December 13th, 1924, made by Edward C. Brown to the Southwestern National Bank, is entitled to payment in distribution of the proceeds of the Sheriff's sale of the mortgaged property in priority to the mortgage executed by the said Edward C. Brown to Irving W. Riegner, dated November 29th, 1922, and recorded December 10th, 1924.

"2. Defendant to pay the costs."

Defendant filed seventeen exceptions. They all relate to the conclusion of law stated in the decree, to the affirmation of the requests of plaintiff, or refusal of those of defendant, and to the decree.

Notwithstanding an able and ingenious argument presented by counsel for defendant, we are convinced that the law announced in Smith v. Young, 259 Pa. 367, rules the present case.

Exceptions dismissed.