## ERNEST TESCH v. CHARLES M. DREW.[1]

June 7, 1929.

No. 27,388.

*Drew & Cain,* for appellant.
*Austin & Wangensteen,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment.

Plaintiff owned land which was sold to defendant by the sheriff at a mortgage foreclosure sale. A bank held a junior mortgage.

On October 12, 1922, plaintiff redeemed from defendant by paying him the proper amount and receiving the usual certificate of redemption which was not recorded until October 24, 1922. The time for redemption expired on October 14, 1922.

[1]Reported in 225 N. W. 815.

On October 17, 1922, the bank in good faith redeemed by paying the same amount, except five days' more interest, to the sheriff, who gave the money to Drew. The usual sheriff's certificate was issued and recorded on that day. The bank immediately asserted ownership of the land. Plaintiff's demand of defendant for part of the money received by him through the double redemption was refused. This action was brought to recover what plaintiff paid defendant with interest.

■ The certificate of redemption issued by defendant, not having been recorded within four days after the expiration of the redemption year, was void as to the good faith redemption made by the bank. G. S. 1923 (2 Mason, 1927) § 9629; Coffman v. Christenson, 102 Minn. 460, 113 N. W. 1064. The bank acquired title.

■ Plaintiff's redemption terminated defendant's relation to the mortgaged land. He was paid. His lien on the land was extinguished. Plaintiff's money served the purpose intended, and he got what he was to receive therefor. His money was gone. He was not entitled to get that money back. It rightfully became defendant's property. The loss due to plaintiff's failure to record the certificate within the four days cannot change the status of the money which he had paid. The recovery was apparently for the money which plaintiff paid and not for the money coming to defendant from the sheriff. The only difference is the five days' interest, which under the circumstances comes within the rule de minimis non curat lex.

True, plaintiff's situation is due to his own act of omission, an act of inadvertence or perhaps excusable neglect. But that does not bar a recovery. Keener, Quasi-Contracts, 70. Defendant is not in a position to enrich himself by plaintiff's conduct so accentuated by human frailty. Defendant had been paid. He knew it. He knew this money so received from the sheriff was not his and that he was not entitled to it. Yet he took it. Why? He should have refused it and directed the sheriff to plaintiff. Having accepted and received the money with full knowledge, the law imposed upon him the obligation to do justice to all concerned. The only one

concerned was plaintiff.   He was concerned.   The law will not permit defendant to ignore plaintiff to his own unjust enrichment.   In equity and good conscience defendant ought not withhold this money from plaintiff.   Under such conditions and circumstances a quasi contract comes into existence, as a "result of the potency of the law," which enables plaintiff to recover from defendant the money so received from the bank in an action for money had and received. Heywood v. Northern Assurance Co. 133 Minn. 360, 158 N. W. 632, Ann. Cas. 1918D, 241; Carr v. Anderson, 154 Minn. 162, 191 N. W. 407, 26 A. L. R. 557; Town of Balkan v. Village of Buhl, 158 Minn. 271, 275, 197 N. W. 266, 35 A. L. R. 470; 4 Dunnell, Minn. Dig. (2 ed.) § 6128; Keener, Quasi-Contracts, cc. I and II.

Affirmed.