## Commonwealth v. Snyder

E. P. Little, for Commonwealth; Kelly & Kelly, for defendant.

SMITH, P. J., March 5, 1934.—The present indictment charges that Claude Snyder "unlawfully and maliciously did cut down and fell 100 timber trees . . . growing and standing upon the land of W. U. LaRue, without the consent of him, the said W. U. LaRue, he the said Claude Snyder then and there well knowing the said 100 timber trees to be growing and standing upon lands of the said W. U. LaRue, and the said Claude Snyder then and there well knowing that he did not have the consent of the owner thereof. . . . Said timber trees being of the value of $100."

This indictment is drawn under and in the terms of section 152 of the Criminal Code of March 31, 1860, P. L. 382, the language of which, apropos in the case at bar, is as follows:

"If any person shall cut down or fell any timber tree or trees, knowing the same to be growing or standing upon the lands of another person, without the consent of the owner . . . the person so offending shall be guilty of a misdemeanor, and being thereof convicted, shall be sentenced to pay such fine, not exceeding one thousand dollars, or to such imprisonment, not exceeding one year, as the court, in their discretion, may think proper to impose."

The motion to quash is founded upon the contention that this Act of 1860 has been repealed by subsequent legislation, namely section 2 of the Act of June 9, 1911, P. L. 861, as amended by section 1 of the Act of April 27, 1925, P. L. 322, and section 1 of the Act of May 4, 1927, P. L. 706, which, it is contended, now define the offense charged in the present indictment as being no longer a "misdemeanor" cognizable in the quarter sessions, but an offense to be disposed of in summary proceedings before a justice of the peace.

Section 2 of the Act of 1911 is thus phrased: "If any person shall wilfully, negligently, or maliciously cut bark from, or cut down, injure, destroy, or remove a tree or trees growing or standing upon the land of another, without the consent of the owner . . . such person shall be guilty of a misdemeanor, and on conviction thereof shall be fined not exceeding five hundred dollars for each offense, or imprisoned not exceeding three months, either or both, at the discretion of the court, together with costs of suit."

Section 8 of this same act provides: "All acts or parts of acts inconsistent herewith are hereby repealed."

We should here mention that the title of the act is "to protect trees and woodlands, and providing punishment for the violation thereof."

The term "woodlands" is defined in section 6, "to mean, woods, farmers woodlots, marshes, moors, brush, barrens, brush lands, and wild, unseated uncultivated land."

The Act of 1925 amends section 2 of the Act of 1911 by eliminating the word "negligently", and adding as subjects of injury; "Shrub or shrubs, or parts thereof." It also eliminates the definition of the offense, "Shall be guilty of a misdemeanor," and the reference to fine and imprisonment; and provides for summary proceedings before a magistrate, etc., and the imposition of a "fine of not less than twenty-five ($25.00) dollars and costs of prosecution for each such tree or shrub", etc., or, in default of payment, imprisonment "in the county jail one day for each dollar of fine and costs unpaid."

The Act of May 4, 1927 P. L. 706, further amends section 2 of the Act of 1925, by adding: "Nothing contained in this section shall be construed to apply to acts committed in good faith by engineers and surveyors and their assistants in making surveys."

It has been uniformly held by the courts that "a statute amendatory of another, declaring that the former shall read in a particular way, must, in general, be held to repeal all provisions not retained in the altered form". To sustain this proposition it is necessary here to cite only Smith v. Young 259 Pa. 367, 371, and cases there cited. These support the conclusion that as to the three Acts of 1911, 1925, and 1927, a repeal of section 2 of the Act of 1911 is effected by that of 1927, whereby the designation of the offenses was changed from misdemeanor to proceedings for summary conviction, the jurisdiction was transferred from the quarter sessions to a magistrate, justice of the peace, etc., and there was a complete change in the character and imposition of penalties.

We therefore pass to consider the more difficult question whether the Act of 1911 repealed section 152 of the Act of 1860, under which the present indictment was drawn.

We have already noted the general repealing clause in the Act of 1911: "All acts or parts of acts inconsistent" therewith. Is section 152 of the Act of 1860 one of such "parts" so repealed?

This section limits the offense to the cutting of "timber tree or trees" only, "without the consent of the owner". Section 2 of the Act of 1911 defines the subject of the offense as "a tree or trees", omitting the reference to timber in the Act of 1860; and designates the offender as "any person . . . [acting thus] wilfully, negligently, or maliciously", also "without the consent of the owner."

The term "a tree or trees" is sufficiently general to include "timber" trees, as used in the Act of 1860, and it is obvious to us the draughtsman of the act and the legislature which enacted it so intended. Paraphrasing the language of Woodward, J., in O'Malley v. The County of Luzerne, 3 Luz. L. R. Reps., 41, 46, in interpreting the term "inconsistent" as used in a general repealing clause of a statute, it seems to us too clear for serious argument that an act of assembly, broadening the term of a previous statute while including one species of its subject matter of legislation, is "inconsistent" with the former in legal construction. We adopt the further language of the jurist: "Things are said to be inconsistent when they are contrary the one to the other".

It seems to us that nothing would be more obviously "inconsistent" than an act such as that of 1860 making the action of one without wrongful intent, or morally innocent, legislatively criminal, and one which, as does the Act of 1911,

makes the same act of a criminal nature only when done either "wilfully, negligently or maliciously".

In further confirmation of our conclusion, we note that in addition to the criminal status of the offender stated in section 2 of the Act of 1911, section 4 thereof provides for his double or treble liability to the owner of the trees so cut, etc., recoverable in a civil action, thus rendering him subject to dual liability, both criminal and civil.

We are therefore of the opinion, and so decide, that section 152 of the Act of 1860 was repealed by the Act of 1911. It must necessarily follow that the succeeding amendments to the latter act in 1925 and 1927 remove the jurisdiction of the offenses from the quarter sessions; and relegate such proceedings to summary conviction before magistrates, etc.

It is significant that section 152 of the Act of 1860 is omitted from the new West Publishing Company edition of Purdon's Pennsylvania Statutes, raising the presumption that the compiler considered it abrogated or repealed, and supplied by the Act of 1927, 18 PS § 3487.

And now, to wit, March 5, 1934, the rule to show cause why the indictment at bar shall not be quashed is made absolute and the indictment quashed.

From Gerritt E. Gardner, Montrose, Pa.